THE STATE, EX REL. DIVERSITECH GENERAL PLASTIC FILM DIVISION, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Diversitech Gen. Plastic Film Div., *v.* Indus. Comm. (1989), 45 Ohio St. 3d 381.]

(No. 88-640—Submitted July 26, 1989—Decided October 4, 1989.)

*Roetzel & Andress, George A. Clark* and *Timothy S. Guster,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Dennis L. Hufstader,* for appellee Industrial Commission.

*Stewart Jaffy & Associates Co., L.P.A.,* and *Stewart R. Jaffy,* for appellee Meeks.

*Per Curiam.* In *State, ex rel. Ramirez,* v. *Indus. Comm.* (1982), 69 Ohio St. 2d 630, 23 O.O. 3d 518, 433 N.E. 2d 586, we defined "temporary total disability" as a disability that prevents a claimant from returning to his or her former position of employment.

"Former position of employment" was defined in *State, ex rel. Horne,* v. *Great Lakes Constr. Co.* (1985), 18 Ohio St. 3d 79, 80, 18 OBR 117, 118, 480 N.E. 2d 753, 754, as "the position the claimant held when he was injured." Appellant alleges that the claimant's inability to return to his former position of employment is due not to injury, but to abandonment and layoff, precluding the payment of temporary total disability compensation. We disagree.

Abandonment or layoff can preclude payment of temporary total compensation. See *State, ex rel. Jones & Laughlin Steel Corp.,* v. *Indus. Comm.* (1985), 29 Ohio App. 3d 145, 29 OBR 162, 504 N.E. 2d 451; *State, ex rel. Ashcraft,* v. *Indus. Comm.* (1987), 34 Ohio St. 3d 42, 517 N.E. 2d 533. The question of abandonment is "primarily * * * [one] of intent * * * [that] may be inferred from words spoken, acts done, and other objective facts. * * * All relevant circumstances existing at the time of the alleged abandonment should be considered." *State* v. *Freeman* (1980), 64 Ohio St. 2d 291, 297, 18 O.O. 3d 472, 476, 414 N.E. 2d 1044, 1048. Similarly, *West Park Shopping Center* v. *Masheter* (1966), 6 Ohio St. 2d 142, 144, 35 O.O. 2d 216, 217, 216 N.E. 2d 761, 762-763, held that " '[a]n abandonment is proved by evidence of intention to abandon as well as of acts by which the intention is put into effect.' " The presence of such intent, being a factual question, is a determination for the commission. *State, ex rel. Allied Wheel Products, Inc.,* v. *Indus. Comm.* (1956), 166 Ohio St. 47, 1 O.O. 2d 190, 139 N.E. 2d 41.

Appellant cites claimant's voluntary acceptance of light-duty work and his decision to remain at that position once the incentive agreement expired as evincing the requisite intent. This suggestion, however, overlooks two significant points. First, claimant's light-duty placement was pursuant to a rehabilitation contract entered into by appellant and the commission's rehabilitation division. Second, upon expiration of the contract, claimant remained medically incapable of returning to his former position of employment.

We find the reasoning contained in *Sistrunk* v. *Indus. Comm.* (Feb. 3, 1987), Franklin App. No. 85AP-1054, unreported (adopting referee's report of Sept. 29, 1986) particularly relevant here. In that case, the claimant was injured while operating a punch press. Being physically unable to return to those duties, he took a lighter job as a tool crib attendant. He, too, was laid off for economic reasons and requested temporary total disability compensation for the period following.

While the appellate court ultimately denied compensation on another basis, it rejected the contention that the claimant, by returning to work as a tool crib attendant, abandoned his former position as a punch press operator. The court instead concluded at 9-10:

"The fact that relator returned to work for a limited period of time in a position involving less demanding tasks and duties does not, *ipso facto,* require a finding that relator abandoned any intent to ever return to work as punch press operator.

"* * *

"Relator should not be penalized in a temporary total disability determination by his own good faith efforts to mitigate damages occasioned by his injury by returning to some less strenuous type of employment for a limited period of time. The fact that he did return to work as a tool crib attendant cannot be elevated to the level of evidence indicating an intention never to operate a punch press. * * *"

We recognize that the appellate

court reached a different conclusion on similar facts in *State, ex rel. Louisiana Pacific Corp.,* v. *Indus. Comm.* (Dec. 2, 1986), Franklin App. No. 86AP-6, unreported (adopting referee's report of Oct. 9, 1986). We disagree with the decision's analysis, however, finding that it was incorrectly premised on the belief that the former position of employment was claimant's subsequent light-duty job, not the heavier-duty job at which she was injured.

Appellant also alleges that the claimant demonstrated an intent to abandon his former position by continuing on light duty at the expiration of the contract. This contention might be persuasive if there were evidence that the claimant was capable of returning to the Banbury press, but chose instead to remain in the shipping room. No such evidence exists in this case. Upon the contract's expiration, claimant's only alternatives were either to remain on light duty or to quit work altogether pending medical release to return to the Banbury press.

We note that during the claimant's entire rehabilitative effort, uncontroverted medical evidence indicated that he was incapable of returning to his former position of employment. However, instead of remaining home and drawing temporary total compensation for which he was eligible, claimant attempted to hasten a return to his former job through rehabilitation and acceptance of light-duty work. This commendable effort now serves to jeopardize future temporary total compensation eligibility — a result we find unacceptable.

Claimant's layoff has also been cited as a factor preventing his return.

We are unpersuaded, noting that the claimant was already certified as incapable of returning to the Banbury press at the time of the layoff. Similarly, appellant's contention that claimant should have instead sought unemployment benefits is without merit. As a prerequisite to such benefits, R.C. 4141.29(A)(4)(a) requires an ability to work and an availability of suitable work. Moreover, an employee is not entitled to such benefits unless capable of employment in his or her usual trade or occupation or any other employment for which he is reasonably fitted. *Craig* v. *Bureau of Unemp. Comp.* (1948), 83 Ohio App. 247, 38 O.O. 356, 81 N.E. 2d 615. Claimant's injury precluded him from making such a representation.

Having eliminated extraneous causes for claimant's inability to return to his former job, our review turns finally to the commission's order to determine whether the award of temporary total compensation was supported by "some evidence." *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936. Because the commission's decision was based on Dr. Ray's July 25, 1985 report finding claimant incapable of returning to his former job due to the allowed conditions for the period in question, we find some evidence to support the commission's order.

Accordingly, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.