OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio.  Attention:  Walter S. Kobalka, Reporter, or Justine Michael, Administrative Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE:  Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public.  The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

The State ex rel. The Andersons, Appellant, v. Industrial Commission of Ohio et al., Appellees.

[Cite as State ex rel. The Andersons v. Indus. Comm. (1992),    Ohio St.3d    .]

Workers' compensation -- Wage loss compensation -- Claimant's layoff does not bar wage loss compensation, when -- Calculation of average weekly wage.

(No. 91-120 -- Submitted May 12, 1992 -- Decided September 2, 1992.)

Appeal from the Court of Appeals for Franklin County, No. 90AP-212.

Appellee-claimant, Todd Rosonowski, graduated from high school in 1983.  Unable to secure full-time employment, he took a seasonal position with Johnston's Fruit Farm.  On August 25, 1986, claimant was hired by appellant, The Andersons.  Assigned to the lawn fertilizer division, claimant was exposed to chemicals while bagging, sealing and palletizing yard care products.

At the time of hiring, appellant told claimant that the work was strictly seasonal, lasting six to eight months.  In early 1987, claimant's hourly wage was raised from $6.04 to $6.51 an hour.  Shortly thereafter, claimant filed, and appellant certified, a claim for "chemical rash, right hand."

On April 10, 1987, the lawn season ended and claimant was laid off as planned.  Because of disciplinary problems during his tenure, appellant decided not to rehire claimant the next season.

In June 1987, claimant saw Dr. Joseph Schneider for the continuing rash on claimant's hand.  Dr. Schneider diagnosed claimant's condition as dyshidrotic eczema and contact dermatitis with secondary infection.  He released claimant to return to work on July 13, 1987 with the restriction that he avoid chemical exposure.

Claimant remained unemployed until January 1, 1988, and became unemployed again on April 16, 1988.

On November 9, 1988, claimant asked appellee Industrial Commission to set his average weekly wage ("AWW") at $260.40 and to award wage loss compensation under R.C. 4123.56(B).  In support, claimant submitted (1) Dr. Schneider's July 1987

report; (2) claimant's affidavits outlining his work history and indicating an inability to find subsequent work due to his allowed hand condition, and (3) his Ohio Bureau of Employment Services card.

A commission district hearing officer, relying on Dr. Schneider's reports, awarded wage loss compensation from April 10, 1987 through November 3, 1988 and "thereafter upon submission of wage statements." Claimant's AWW was set at $260.40, based on $6.51 per hour times forty hours. A regional board of review modified the district hearing officer's order to the extent that the wage loss award was to be offset by any concurrent Ohio Bureau of Employment Services benefits. The balance of the order was affirmed. Staff hearing officers, in turn, affirmed the regional board in all but one respect, resetting claimant's AWW at $237.37. Instead of multiplying claimant's hourly wage by forty, staff hearing officers, pursuant to R.C. 4123.61, divided claimant's total earnings for the year prior to injury by the number of weeks he worked, specifically excluding the period during which claimant was laid off. Staff hearing officers reset claimant's AWW at $237.37 by excluding weeks of unemployment from the number of weeks divided into claimant's total wages.

Appellant sought a writ of mandamus from the Court of Appeals for Franklin County, claiming that the commmission had abused its discretion both in computing claimant's AWW and in awarding wage loss compensation. The court of appeals disagreed and denied the writ.

This cause is now before this court upon an appeal as of right.

Marshall & Melhorn and Michael S. Scalzo, for appellant.
Lee I. Fisher, Attorney General, Dennis L. Hufstader and Teresa Oglesby McIntyre, for appellee Industrial Commission.
Gallon, Kalniz & Iorio Co., L.P.A., and Theodore A. Bowman, for appellee claimant.

Per Curiam. Appellant challenges both the commission's award of wage loss compensation and the commission's computation of claimant's AWW. Our review reveals that the commission's order was based in part on an abuse of discretion and, accordingly, the judgment below is affirmed in part and reversed in part.

Effective August 22, 1986, R.C. 4123.56(B) states:

"Where an employee in a claim allowed under this chapter suffers a wage loss as a result of returning to employment other than his former position of employment or as a result of being unable to find employment consistent with the claimant's physical capabilities, he shall receive compensation at sixty-six and two-thirds of his weekly wage loss not to exceed the statewide average weekly wage for a period not to exceed two hundred weeks."

Supplementing the statute, Ohio Adm.Code 4121-3-32(D) provides:

"In injury claims in which the date of injury, or in occupational disease claims in which the date of disability, is on or after August 22, 1986, the payment of compensation or wage loss pursuant to division (B) of Section 4123.56 of the

Revised Code shall commence upon application with the finding of any of the following:

"(1) The employee, as a direct result of the allowed conditions in the claim, returns to employment other than his former position of employment and suffers a wage loss.

"(2) The employee returns to his former position but suffers a wage loss.

"(3) The employee, as a direct result of the allowed conditions in the claim, is unable to find work consistent with the employee's physical capabilities and suffers a wage loss."

The commission's award was premised on subsection (3) and the commission's determinations: (1) that claimant received no wages from April 10, 1987 through November 3, 1988, and (2) that his lack of wages stemmed from his inability to work at The Andersons or secure other employment because of his allowed conditions. Appellant responds: (1) that the layoff is evidence that there was no causal relationship between injury and wage loss, and (2) that there is no contrary evidence of the requisite causal relationship. We disagree.

We find initially that the commission abused its discretion in awarding wage loss compensation from January 1, 1988 through April 15, 1988. The commission apparently found that claimant did not work between April 10, 1987 and November 3, 1988. However, sworn wage statements substantiated total or partial loss of wages only from April 10, 1987 through December 31, 1987 and April 16, 1988 forward. There is no evidence of any wage loss from January 1, 1988 through April 15, 1988. Claimant admits in his brief that he worked for Johnston's Fruit Farm from January 1, 1988 through April 15, 1988.

Appellant asserts that claimant's layoff shows that any wage loss was not caused by the allowed conditions. Prior decisions have not addressed a layoff's effect on R.C. 4123.56(B) wage loss benefits. We have, however, discussed the issue with respect to the companion provision for temporary total disability compensation, now at R.C. 4123.56(A). State ex rel. B.O.C. Group v. Indus. Comm. (1991), 58 Ohio St.3d 199, 569 N.E.2d 496.

Like R.C. 4123.56(B) benefits, temporary total disability compensation replaces lost wages. State ex rel. Ashcraft v. Indus. Comm. (1987), 34 Ohio St.3d 42, 517 N.E.2d 533. Similarly, the temporarily and totally disabled claimant must always causally relate the claimed disability to the industrial injury. The requisite causal connection in temporary total disability cases, can, under certain circumstances, be broken when an employment relationship ends. Voluntary departure, for example, severs the causation chain. "Involuntary" departure does not. Ashcraft; State ex rel. Rockwell Internatl. v. Indus. Comm. (1988), 40 Ohio St.3d 44, 531 N.E.2d 678.

An injury-induced departure is always considered involuntary. Rockwell. The character of other departures, however, can depend on many factors. Layoff is often considered involuntary since it is initiated by the employer, not the employee. State ex rel. B.O.C. Group, supra. In this case, claimant's departure was initiated by the employer, without evidence of any intent on claimant's part to abandon employment. Appellant nonetheless in effect urges us to find that the departure was voluntary, since claimant accepted

employment knowing that he would be released at season's end. Appellant's position, however, conflicts with our policy of encouraging gainful employment. See, e.g., State ex rel. Wireman v. Indus. Comm. (1990), 49 Ohio St.3d 286, 551 N.E.2d 1265, and State ex rel. Diversitech Gen. Plastic Film Div. v. Indus. Comm. (1989), 45 Ohio St.3d 381, 544 N.E.2d 677. Its argument ignores the possibility that claimant took the temporary position with The Andersons because it was the only job he could find. For this reason, we reject appellant's argument and find that claimant's layoff does not bar wage loss compensation in this instance.

We must next determine whether "some evidence" supports a causal relationship between claimant's allowed conditions and his lack of wages. We find that "some evidence" exists. Dr. Schneider's reports establish that claimant's allowed condition would have prevented him from resuming his former position of employment. Claimant's Ohio Bureau of Employment Services card indicates that he was looking for work, presumably consistent with Dr. Schneider's restrictions. Claimant's sworn wage statements, however, indicate that his efforts were unsuccessful. Taken together, these documents are "some evidence" supporting claimant's alleged wage loss due to the allowed conditions. State ex rel. Burley v. Coil Packing, Inc. (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936.

Turning to claimant's AWW, the commission, as a general rule, computes AWW by dividing claimant's total wages for the year preceding the date of injury by fifty-two weeks. R.C. 4123.61. The statute, however, also provides in part:

"In ascertaining the average weekly wage for the year previous to the injury, or the date the disability due to the occupational disease begins any period of unemployment due to sickness, industrial depression, strike, lockout, or other causes beyond the employee's control shall be eliminated."

In the case at bar, the commission calculated claimant's AWW at $237.37 by excluding periods of unemployment. The appellant claims that because claimant voluntarily accepted seasonal work, layoff periods were not beyond his control and, therefore, should not have been excluded. For the reasons stated previously, this argument is rejected.

Appellant also alleges that the AWW creates a windfall for claimant since it exceeds any weekly wage received by claimant when he was working. This, too, fails. Wage loss compensation is paid at sixty-six and two-thirds percent of the AWW. Two-thirds of claimant's AWW, as set by the commission, is $158.24. Claimant's weekly wage with appellant, based on a forty-hour week, was $260.40. Claimant's AWW thus does not provide a windfall for the claimant.

Appellant's claim that the commission did not adequately explain its calculation also lacks merit. The commission's order specifically indicated that it omitted weeks of unemployment in arriving at its figure. Contrary to appellant's representation, this explanation satisfies State ex rel. Mitchell v. Robbins & Myers, Inc. (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721.

We reverse that portion of the appellate court's judgment sustaining the commission's wage loss award from January 1, 1988 through April 15, 1988. We order the commission to

recalculate the award in accordance with this decision.
The balance of the judgment is affirmed.

                                    Judgment reversed in part,
                                    affirmed in part
                                    and writ allowed in part.

     Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown
and Resnick, JJ., concur.