979 F.2d 850
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Timothy BRULPORT Plaintiff-Appellant
v.
COOPERVISION, INC., N.K.A. The Cooper Companies, Inc.,
Defendant-Appellee.
 No. 92-3165.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1992.
 
 Before DAVID A. NELSON and BATCHELDER, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Timothy Brulport, filed a complaint in the Cuyahoga County (Ohio) Court of Common Pleas, against defendant, Coopervision n.k.a. The Cooper Companies, alleging defendant had breached an offer of continued employment. Upon defendant's motion, the case was removed to the United States District Court for the Northern District of Ohio, Eastern Division, on the basis of diversity, pursuant to 28 U.S.C. § 1332. On November 7, 1991, defendant filed a Motion For Summary Judgment contending that, even assuming a contract existed, a point which it did not concede, plaintiff had abandoned and/or waived any rights under the document. Plaintiff's first response was to file a Motion For Extension of Time on December 13, 1991, requesting additional time to depose a witness in New Jersey. The District Court denied plaintiff's Motion for Extension of Time in a Marginal Entry Order on January 7, 1992. On January 13, 1992, the district court granted defendant's Motion For Summary Judgment, holding plaintiff had abandoned the rights granted to him under the contract. Plaintiff filed a timely Notice of Appeal with this court. For the reasons explained herein, we affirm the decision of the district court.
 
 I.
 
 2
 In 1984, plaintiff was employed as a sales representative for defendant's Surgical Sales Division. Plaintiff was responsible for covering a territory of Northern Ohio and Southern Michigan. Steven Klein, an executive with Coopervision, contacted plaintiff in May, 1986, regarding an account manager position which was available in defendant's Cross-Merchandising Group, a part of its CILCO division. Plaintiff applied for the position and was eventually selected for the job.
 
 
 3
 In 1987, defendant embarked on a corporate reorganization plan. Charles Krause, then the president of defendant's CILCO division, distributed a letter on August 10, 1987, to all account managers, including plaintiff. The letter informed them that their group would remain in existence until at least August 31, 1988, and after that date, defendant would offer them a "similar compensatory package within the Cooper Surgical Companies." This letter represents the basis of plaintiff's complaint that there was a contract upon which he justifiably relied.
 
 
 4
 Robert Toni assumed the presidency of the CILCO division in June, 1988, and decided to eliminate the Cross-Merchandising Group. Plaintiff was unofficially advised by Steve Klein that his position was going to be eliminated, but he would be provided with a severance package and could still search for other opportunities within the corporation. On August 19, 1988, plaintiff was officially informed that his position was being terminated, and that a severance package would be provided. Plaintiff contacted other division managers within the corporation seeking a transfer, but, no positions were available.
 
 
 5
 Plaintiff also contacted employers outside of the corporation, including Pharmacia Opthamics. On October 17, 1988, plaintiff accepted a position as a sales specialist for Pharmacia. Plaintiff testified during deposition that he hoped to have a career with Pharmacia. Unfortunately, plaintiff was soon terminated by Pharmacia on November 26, 1988. Plaintiff re-contacted different managers within defendant's corporation, however, still no openings were available.
 
 
 6
 Plaintiff then brought the instant suit claiming that the August 10, 1987, letter from Krause, which promised a similar compensatory package, was a binding commitment, between defendant and him. The contract allegedly provided that, in exchange for plaintiff remaining in his employment for one year, defendant would find him comparable employment within the company. Plaintiff contended that he, therefore, remained with the company, in reliance on that letter, until his job was specifically eliminated. He further contended that he only looked for other employment at that time to provide for his family.
 
 
 7
 Defendant filed a Motion For Summary Judgment stating that, assuming arguendo a contract did exist, plaintiff abandoned any rights he had under the contract when he accepted the severance package and obtained other employment. The District Court initially held that the case would be decided pursuant to the laws of the State of Ohio and that in Ohio, a contract will be deemed abandoned when the acts of one party are inconsistent with the existence of a contract and are acquiesced to by the other party. The District Court found plaintiff's conduct, viz., accepting a severance package that did not include an offer of employment and then accepting employment with another company, demonstrated he had relinquished his rights under the contract. Hence, since no material facts were in dispute, defendant was entitled to summary judgment as a matter of law.
 
 II.
 
 8
 Plaintiff contends, upon appeal, the district court erred in granting summary judgment because a material issue of fact exists, viz., whether plaintiff's intent was to abandon his contractual rights. Plaintiff concedes the facts are not in dispute, however, he argues that, under Ohio law, intent is a question exclusively for the trier of fact to decide. Accordingly, plaintiff argues that in the case at bar, it is the jury which must determine whether his actions demonstrated an intent to abandon the contract. Plaintiff further argues that the cases relied upon by the district court were not properly applied to the facts sub judice.
 
 
 9
 This court's review of the granting of a motion for summary judgment is de novo. Brooks v. American Broadcasting Co., 932 F.2d 495, 500 (6th Cir.1991). Pursuant to FED.R.CIV.P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). Once the moving party has met his burden of production, the nonmoving party cannot rest on the pleadings to get to a jury. Anderson v. Liberty Lobby, Inc. 477 U.S. 242, 248 (1986). The non-moving party must present significant probative evidence in support of its complaint to defeat the motion for summary judgment. Id. at 249. Thus, "[t]he inquiry performed is the threshold inquiry of determining whether there is the need for trial--whether, in other words, there are any genuine issues that properly can be resolved only by a finder of fact because they may be reasonably resolved in favor of either party." Id., at 250.
 
 
 10
 Since this case was removed to federal court on the basis of diversity, the district court was correct that Ohio Law will apply. Erie R.R. v. Tompkins, 304 U.S. 64 (1938). The Supreme Court of Ohio has stated as follows:
 
 
 11
 The question of abandonment is "primarily * * * [one] of intent * * * [that] may be inferred from words spoken, acts done, and other objective facts. * * * All relevant circumstances existing at the time of the alleged abandonment should be considered." State v. Freeman (1980), 64 Ohio St.2d 291, 297. Similarly, West Park Shopping Center v. Masheter (1966), 6 Ohio St.2d 142, 144 held that "[a]n abandonment is proved by evidence of intention to abandon as well as acts by which the intention is put into effect." The presence of such intent, being a factual question, is a determination for the [finder of fact]. State ex rel. Allied Wheel Products, Inc. v. Indus. Comm. (1956), 166 Ohio St. 47.
 
 
 12
 State, ex rel., Diversitech v. Indus Comm'n., 544 N.E.2d 677 (Ohio 1989).
 
 
 13
 For purposes of this appeal, this court will assume arguendo that the Krause letter did, in fact, represent a contract upon which plaintiff could rely. The question on appeal is whether, as a matter of law, the district court could determine that plaintiff had abandoned his interest in the contract.
 
 
 14
 A review of the undisputed facts demonstrates that plaintiff accepted his severance package in spite of the fact that he knew it included no future promises of employment. He continued his employment search, of his own initiative, both inside and outside the corporation. Upon obtaining employment with another company, Pharmacia, plaintiff accepted the new job hoping for a long career in their employ. Clearly, at that point, plaintiff's conduct manifested an intent to abandon his interest in the "contract", and in addition, to acquiesce in defendant's abandonment of the "contract". He did not argue over the terms of the severance package. Obviously, he could not have had a long term career at Pharmacia if he planned on returning to Coopervision.
 
 
 15
 Plaintiff, nevertheless, argues that the question of intent is always a jury question. While it is true that the law in Ohio states that intent is primarily a jury question, it seems absurd to conclude that a claim, unsupported by even a scintilla of evidence, must always go to the jury. There must, at least, be some evidence, which would support plaintiff's statement that he never intended to abandon his contractual rights which would establish a question of intent requiring jury review. There is, however, no evidence in the record to support plaintiff's assertion on this issue.
 
 
 16
 Plaintiff failed to respond to defendant's motion for summary judgment by submitting any evidentiary material, affidavits or otherwise, to counter defendant's claim of abandonment. Defendant, on the other hand, provided ample evidence from which plaintiff's intent to abandon the contract may be reasonably inferred. Accordingly, upon review of the record before us, we find there are no material facts in dispute and hold that defendant is entitled to summary judgment as a matter of law. Therefore, the district court did not err by granting defendant's Motion for Summary Judgment.
 
 III.
 
 17
 Plaintiff contends the district court erred in granting defendant's Motion for Summary Judgment without first allowing plaintiff an opportunity to respond. Plaintiff argues that he had until trial to present affidavits to the district court which could have demonstrated a genuine issue of fact exists.
 
 
 18
 Defendant filed a Motion for Leave to File Motion For Summary Judgment Instanter on November 5, 1991. The district court granted said motion on November 7, 1991. The local rules in effect at the time for the Northern District Ohio provided that a party opposing a motion has ten days to respond. LOC.CIV.R. 3.01(3). Plaintiff failed to respond in any way until December 13, 1991, over thirty days after the motion was filed. At that time, plaintiff merely requested an extension of time for further discovery and a continuation of the February 5, 1992, trial date. Plaintiff, in his accompanying brief, stated that he needed the additional time to depose a witness, Steve Klein, in New Jersey whose testimony would be valuable in demonstrating plaintiff's reliance on the letter. On January 7, 1992, the district court denied plaintiff's motion for an extension of time.
 
 
 19
 Ordinarily, summary judgment should not be granted before discovery is completed. Routman v. Automatic Data Processing, Inc., 873 F.2d 970 (6th Cir.1989). However, a district court's ruling on discovery will not be overturned absent a clear abuse of discretion. Rhodes v. McDannel, 945 F.2d 117, 119 (6th Cir.1991) (Per Curiam). In the case at bar, plaintiff requested an extension of time to depose Steven Klein. It is hard to understand what relevance this deposition would have had to plaintiff's state of mind regarding his intent on the abandonment issue. The district court and this court upon appeal, has assumed arguendo that a contract existed. Steve Klein's testimony could only have gone to the existence of the contract, and not plaintiff's state of mind. Error, if any, from not granting an extension of time for plaintiff's stated purpose of allowing this deposition, would necessarily be harmless. FED.R.CIV.P. 61.
 
 
 20
 The issue of intent is the only issue on which plaintiff claims there is a material difference of fact which would preclude summary judgment. Accordingly, it was not an abuse of discretion to deny plaintiff's motion for an extension of time to allow further discovery. Moreover, because plaintiff failed to respond in a timely manner, plaintiff should not now complain that he was denied an opportunity to respond to defendant's motion for summary judgment.
 
 IV.
 
 21
 The Order of the District Court granting defendant's Motion For Summary Judgment is hereby AFFIRMED.