The State ex rel. Eckerly, Appellant, *v.* Industrial
Commission of Ohio et al., Appellees.

[Cite as *State ex rel. Eckerly v. Indus. Comm.,*
105 Ohio St.3d 428, 2005-Ohio-2587.]

(No. 2004–1269—Submitted March 29, 2005—Decided June 8, 2005.)

**Per Curiam.**

{¶ 1} Appellant-claimant, Shawn E. Eckerly, broke one of his right metacarpals on February 15, 2001, and a workers' compensation claim was allowed. Three months later, claimant was fired from Tech II for unexcused absenteeism. Appellee Industrial Commission of Ohio declared that claimant's discharge constituted a voluntary abandonment of his former position of employment pursuant to *State ex rel. Louisiana–Pacific Corp. v. Indus. Comm.* (1995), 72 Ohio St.3d 401, 650 N.E.2d 469. The commission therefore denied temporary total disability compensation ("TTC").

{¶ 2} There is no evidence that claimant was gainfully employed for any specific length of time thereafter. A C–84 Request for Temporary Total Compensation form included a statement by claimant's doctor of an actual return-to-work date of June 13, 2001. There are, however, no pay stubs, wage statements, tax records, or any other evidence indicating that claimant indeed returned to work on that day, nor is there is any evidence identifying any alleged employer or the length of claimant's employment therewith. A 2002 IRS 1099–MISC (miscellaneous income) form indicates total yearly earnings of $804.98 paid by Red Express Delivery Services, Inc. Again, no other evidence of employment is contained in the record.

{¶ 3} In early 2003, claimant's claim was additionally allowed for "RSD/CRPS [reflex sympathetic dystrophy/chronic regional pain syndrome] right upper extremity." On February 11, claimant filed a C–84 application for TTC supported by a physician's report from Dr. Mervet K. Saleh that certified temporary total disability from February 5, 2003, through May 5, 2003. A district hearing officer denied that motion:

{¶ 4} "[T]emporary total disability compensation was previously denied by Staff Hearing Officer order of 06/25/2002 with the finding that Mr. Eckerly had voluntari[l]y abandoned his employment. Pursuant to the Supreme Court case of *State ex rel. McCoy v. Dedicated Transport* (2002)[,] 97 Ohio St.3d 25 [2002-Ohio-5305, 776 N.E.2d 51], Mr. Eckerly must provide evidence that he did not abandoned [sic] the entire workforce and that he returned to employment following his prior termination. Mr. Eckerly provided no documentation of a return to work and did not attend today's hearing to testify regarding same."

{¶ 5} A staff hearing officer affirmed that order after claimant again failed to produce evidence of a return to the workforce. Claimant again appealed, this time submitting the aforementioned 1099 form. Claimant's appeal was nonetheless refused.

{¶ 6} Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying TTC and asking that the commission be ordered to grant TTC. The court of appeals found no abuse of discretion in the commission's order and denied the writ, prompting claimant's appeal to this court as of right.

{¶ 7} For years, a voluntary departure from the former position of employment barred further TTC. *State ex rel. Rockwell Internatl. v. Indus. Comm.* (1988), 40 Ohio St.3d 44, 531 N.E.2d 678. *State ex rel. Baker v. Indus. Comm.* (2000), 89 Ohio St.3d 376, 732 N.E.2d 355, changed that by extending TTC eligibility to claimants who left the former position of employment to accept other employment and were subsequently prevented from doing that job by a recurrence of the original industrial injury. *State ex rel. McCoy v. Dedicated Transp., Inc.*, 97 Ohio St.3d 25, 2002-Ohio-5305, 776 N.E.2d 51, extended *Baker*'s holding to anyone who voluntarily left the former position of employment regardless of the reason, including one who was discharged:

{¶ 8} "A claimant who voluntarily abandoned his or her former position of employment or who was fired under circumstances that amount to a voluntary abandonment of the former position will be eligible to receive temporary total disability compensation pursuant to R.C. 4123.56 if he or she reenters the work force and, due to the original industrial injury, becomes temporarily and totally disabled while working at his or her new job." Id. at syllabus.

{¶ 9} The present claimant seemingly misunderstands *McCoy*. He appears to believe that so long as he establishes that he obtained another job—if even for a day—at some point after his departure from Tech II, TTC eligibility is forever after reestablished. Unfortunately, this belief overlooks the tenet that is key to *McCoy* and all other TTC cases before and after: that the industrial injury *must remove the claimant from his or her job*. This requirement obviously cannot be satisfied if claimant had no job *at the time of the alleged disability*.

{¶ 10} In the case at bar, there is no evidence that claimant was employed in February 2003 when the requested period of TTC was alleged to have begun. To the contrary, it appears that claimant was almost entirely unemployed in the two years after his discharge from Tech II, earning only approximately $800 during that period.

{¶ 11} Claimant has also alternatively asserted that his industrial injury prevented him from securing other employment following his termination from Tech II. If that is indeed the case, claimant should be seeking wage-loss compensation under R.C. 4123.56(B), not TTC. TTC is confined to situations in which a *working* claimant is prevented from doing his or her job by an industrial injury. Because the claimant here was not working at the time of the alleged onset of disability, the court of appeals' denial of a writ of mandamus to compel TTC was proper.

{¶ 12} The court of appeals' judgment is hereby affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL and LANZINGER, JJ., concur.

———————

Marinakis Law Office and Angela D. Marinakis, for appellant.

Jim Petro, Attorney General, and Lasheyl N. Sowell, Assistant Attorney General, for appellee Industrial Commission.

Dinsmore & Shohl, L.L.P., and Michael L. Squillace, for appellee Tech II, Inc.