DECISION
{¶ 1} Relator, Maxine Dishman, has filed an original action requesting that this court issue a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate its order denying relator temporary total disability ("TTD") compensation on the basis that relator voluntarily abandoned her former position of employment and had not re-entered the work force in a meaningful way, and to enter a new order finding she is entitled to said compensation.
 {¶ 2} This matter was referred to a magistrate of this court pursuant to Civ.R. 53(C) and Loc.R. 12(M) of the Tenth District Court of Appeals. The magistrate issued a *Page 2 
decision, including findings of fact and conclusions of law, recommending that this court deny relator's request for a writ of mandamus. (Attached as Appendix A.)
 {¶ 3} Relator has filed objections to the magistrate's decision, arguing that the magistrate's finding that the claim has been allowed for the conditions of "sprain/strain right shoulder complete rupture of rotator cuff tendon; sprain/strain of shoulder/upper arm and rotator cuff capsule; rotator cuff syndrome, nos." is an incomplete characterization of relator's allowance history. Relator also objects to the magistrate's finding that relator retired for reasons unrelated to the work injury, asserting that such evidence has not been established in the record. Relator further objects to the magistrate's application of the law, arguing that the commission abused its discretion in denying the application for TTD compensation because, it is asserted, the record does not establish relator's retirement was voluntary.
 {¶ 4} Relator sustained a work-related injury on May 13, 2004, and was absent for a few weeks. She returned to her employment in June 2004, but retired on June 11, 2004. Shortly thereafter, relator began working at A J Recovery. She worked 18 hours in July 2004, earning $400; she worked six hours in August 2004, earning $150; she worked six hours in September 2004, earning $150, and worked two hours in October 2004, earning $50. In February 2005, relator filed a motion requesting the payment of TTD compensation.
 {¶ 5} Relator's motion was heard before a district hearing officer ("DHO") and was granted. Carlisle Corporation appealed, and the matter was heard before a staff hearing officer ("SHO") who vacated the prior DHO order and denied the requested TTD compensation. Relator's appeal was refused by order of the commission. Relator then filed this mandamus action. *Page 3 
 {¶ 6} In order for this court to issue a writ of mandamus, relator must show a clear legal right to the requested relief, that the commission has a clear legal duty to provide such relief, and that there is a lack of an adequate remedy in the ordinary course of the law.State ex rel. Gen. Motors Corp. v. Indus. Comm., 117 Ohio St.3d 480,2008-Ohio-1593.
 {¶ 7} In her first objection, relator contends that the magistrate's finding that the claim has been allowed for the conditions of "sprain/strain right shoulder complete rupture of rotator cuff tendon; sprain/strain of shoulder/upper arm and rotator cuff capsule; rotator cuff syndrome, nos." is an incomplete, if not inaccurate characterization of relator's allowance history. Relator argues that the claim was initially allowed for the condition of "sprain/strain right shoulder." Only after a period of time was the claim allowance updated and amended to include the other medical conditions as listed by the magistrate. Relator argues that the sequence of events is relevant because the period of disability at issue here is based on the newly allowed additional conditions as amended in the claim.
 {¶ 8} While relator objects because the magistrate did not explain the times associated with the injury, relator fails to acknowledge that the finding of fact which states the allowable injury is accurate. The claim is allowed for the conditions listed. Relator's first objection is overruled.
 {¶ 9} Relator's second objection is to the magistrate's finding of fact that relator retired on June 11, 2004, for reasons unrelated to the work injury because relator contends that this has never been established in the record. However, relator, in her "Statement of Position" submitted to the commission in support of her appeal from the SHO's order, stated: "Subsequent to her voluntary retirement due to her age on June 11, 2004[.]" In her brief to this court, relator characterized her retirement as "unrelated to the *Page 4 
work injury." Thus, relator cannot claim that the magistrate erred in relying upon information relator supplied and this objection is overruled.
 {¶ 10} Relator's third objection is to the magistrate's finding of fact that relator began working sporadically at A J Recovery. Relator's objection appears to be that the magistrate did not find this return to work sufficient to support TTD compensation because a distinction was made based upon the number of hours worked. However, this is a proper consideration in determining whether relator has returned to gainful employment and relator's third objection is without merit.
 {¶ 11} Relator's fourth objection is based on the magistrate's application of the law. Relator argues that the commission abused its discretion in denying her application for TTD because the record does not establish relator's retirement was voluntary and, thus, her retirement did not end her entitlement to TTD. This objection was addressed above in that relator's own "Statement of Position" and brief to this court both acknowledge that relator's retirement was unrelated to her industrial injury.
 {¶ 12} Once a retirement is determined to be voluntary, an award of TTD compensation is not precluded entirely. After a voluntary retirement, a claimant who re-enters the work force and due to the original industrial injury becomes temporarily and totally disabled while working at that new job, will be eligible to receive TTD compensation pursuant to R.C. 4123.56. State ex rel. McCoy v. DedicatedTransport, Inc., 97 Ohio St.3d 25, 2002-Ohio-5305, at ¶ 39-40. However, a claimant's complete abandonment of the entire work force will preclude TTD compensation altogether. State ex rel. Baker v. Indus. Comm. (2000),89 Ohio St.3d 376. This is "because the purpose for which TTD was created (compensation for loss of income during temporary and total disability) no longer exists." Id., at 380. *Page 5 
 {¶ 13} In the syllabus of McCoy, the Ohio Supreme Court stated, as follows:
 A claimant who voluntarily abandoned his or her former position of employment or who was fired under circumstances that amount to a voluntary abandonment of the former position will be eligible to receive temporary total disability compensation pursuant to R.C. 4123.56 if he or she reenters the work force and, due to the original industrial injury, becomes temporarily and totally disabled while working at his or her new job.
 {¶ 14} In McCoy, the court found that the claimant's re-employment consisted of driving his cousin's truck on 12 to 15 separate days between February 29 and April 15, 1999, earning $12 each day. The court found that this did not constitute sustained gainful employment and denied claimant's request for TTD compensation.
 {¶ 15} Similarly, in State ex rel. Eckerly v. Indus. Comm.,105 Ohio St.3d 428, 2005-Ohio-2587, the Supreme Court upheld the denial of TTD compensation to a claimant who had voluntarily abandoned the work force when he was fired and then asserted he had become re-employed and later temporarily disabled. However, the claimant failed to provide any evidence demonstrating he had been employed again.
 {¶ 16} Relator argues that the magistrate erred in relying uponState ex rel. Pierron v. Indus. Comm., 172 Ohio App.3d 168,2007-Ohio-3292 because the case is currently pending in the Supreme Court. In Pierron, the commission determined that the claimant had voluntarily abandoned his employment and his part-time work at a flower shop did not constitute gainful employment where the claimant worked perhaps five hours per week and was paid $3 per hour. Relator contends the magistrate should not have relied upon Pierron because it is not well-settled law. However, unless the Supreme Court reverses this court's ruling, Pierron is relevant law.
 {¶ 17} Relator also contends the magistrate erred in not relying uponState ex rel. Hassan v. Marsh Building Products, 100 Ohio St.3d 300,2003-Ohio-6022, and State ex *Page 6 rel. Blabac v. Indus. Comm. (1999), 87 Ohio St.3d 113. InBlabac, the claimant injured his back in an industrial accident and began receiving temporary total compensation ("TTC"). Two months later, it was discovered that he was earning wages as a scuba diving instructor and TTC was discontinued. The claimant argued his work was not gainful but the Supreme Court disagreed and found he was not entitled to TTC compensation. However, Blabac was decided before McCoy andEckerly and these cases conflict with relator's interpretation.
 {¶ 18} In Hassan, after his industrial injury, the claimant returned to the work force with a temporary agency, working 8, 19 and one-half, and 24 hours in three weeks until his injury prevented him from continuing employment. This was considered gainful employment sufficient for TTC compensation. However, unlike the case before us, the claimant's work was not as sporadic and his industrial injury prevented his return to work. Relator's fourth objection is not well-taken.
 {¶ 19} After reviewing the magistrate's decision and an independent review of the evidence, we find that the magistrate has properly determined the pertinent facts and applied the relevant law to those facts. Thus, this court adopts the magistrate's decision as its own, including the findings of fact and conclusions of law contained therein.
 {¶ 20} In accordance with the magistrate's decision, we hereby deny the requested writ of mandamus.
Objections overruled; writ denied.
 McGRATH, P.J., and BRYANT, J., concur. *Page 7 
 APPENDIX A MAGISTRATE'S DECISION Rendered January 24, 2008 IN MANDAMUS {¶ 21} Relator, Maxine Dishman, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which denied relator temporary total disability ("TTD") compensation on grounds that she had voluntarily abandoned her former position of *Page 8 
employment and had not reentered the workforce in a meaningful way and ordering the commission to find that she is entitled to that compensation.
Findings of Fact: {¶ 22} 1. Relator sustained a work-related injury on May 13, 2004, and her claim has been allowed for "sprain/strain right shoulder; complete rupture of rotator cuff tendon; sprain/strain of shoulder/upper arm and rotator cuff capsule; rotator cuff syndrome, nos."
 {¶ 23} 2. Relator was absent from work for a few weeks, but returned to her employment in June 2004 after her treating physician released her to return to work without restrictions.
 {¶ 24} 3. Relator retired on June 11, 2004 for reasons unrelated to the work injury.
 {¶ 25} 4. Shortly thereafter, relator began working sporadically at A J Recovery. Specifically, relator worked 18 hours in July 2004 and earned $400. Relator worked six hours in August 2004 and earned $150. Relator worked six hours in September 2004 and earned $150. Relator worked two hours in October 2004 and earned $50.
 {¶ 26} 5. Relator's physician, Homayoun Mesghali, M.D., completed a C-84 certifying that relator was temporarily totally disabled from November 4, 2004 through an estimated return-to-work date of February 14, 2005.
 {¶ 27} 6. In February 2005, relator filed a motion requesting the payment of TTD compensation.
 {¶ 28} 7. Relator's motion was heard before a district hearing officer ("DHO") on May 11, 2005, and was granted based upon the C-84 of Dr. Mesghali. Respondent Carlisle Corporation ("employer") appealed and the matter was heard before a staff *Page 9 
hearing officer ("SHO") on February 10, 2006. The SHO vacated the prior DHO order and denied the requested period of TTD compensation as follows:
 It is the order of the Staff Hearing Officer that the injured worker's C-86 motion filed 02/23/2005 requesting the payment of temporary total disability compensation benefits for the period 11/04/2005 to 05/15/2005 is denied. The Staff Hearing Officer finds that the injured worker took a voluntary retirement in June of 2005 and did not return to sustained meaningful employment. The Staff Hearing Officer finds that the injured worker returned to a semi-part-time job where she was on call to drive cars whenever she was needed, sometimes driving no more than 16 hours a month and receiving $150.00 a month for which she did not report any income to IRS. The Staff Hearing Officer finds that this is not a return to employment and therefore that the injured worker is not entitled to receive temporary total disability compensation benefits.
 The Staff Hearing Officer finds that the injured worker's physician of record has opined her necessity for a surgical procedure for the allowed condition. Temporary total disability compensation benefits can then be addressed at the time of the injured worker's surgical procedure.
 This order is based upon the facts stated within and State ex rel. Eckerly, 105 Ohio St.3d 428[.] * * *
 {¶ 29} 8. Relator's appeal was refused by order of the commission mailed March 3, 2006.
 {¶ 30} 9. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law: {¶ 31} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. State ex rel. Pressley v. Indus. Comm.
(1967), 11 Ohio St.2d 141. A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by *Page 10 
entering an order which is not supported by any evidence in the record.State ex rel. Elliott v. Indus. Comm. (1986), 26 Ohio St.3d 76. On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. State ex rel. Lewis v. Diamond FoundryCo. (1987), 29 Ohio St.3d 56. Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. State ex rel. Teece v. Indus. Comm. (1981),68 Ohio St.2d 165.
 {¶ 32} Relator makes two arguments in this mandamus action. First, relator argues that the commission abused its discretion by finding that her retirement was voluntary and constituted an abandonment from the workforce. Second, relator argues that, assuming she had voluntarily abandoned the workforce when she retired, the commission abused its discretion in not finding that she had reentered the workforce and was, therefore, entitled to TTD compensation. For the reasons that follow, the magistrate finds that relator is not entitled to a writ of mandamus.
 {¶ 33} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is able to return to the former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4) claimant has reached MMI. See R.C. 4123.56(A);State ex rel. Ramirez v. Indus. Comm. (1982), 69 Ohio St.2d 630. *Page 11 
 {¶ 34} It is undisputed that voluntary abandonment of the former position of employment can preclude payment of TTD compensation.State ex rel. Rockwell Internatl. v. Indus. Comm. (1988),40 Ohio St.3d 44. In State ex rel. Watts v. Schottenstein Stores Corp. (1993),68 Ohio St.3d 118, 121, the court stated as follows:
 * * * [F]iring can constitute a voluntary abandonment of the former position of employment. Although not generally consented to, discharge, like incarceration, is often a consequence of behavior that the claimant willingly undertook, and may thus take on a voluntary character. * * *
 {¶ 35} Later, in State ex rel. Baker v. Indus. Comm. (2000),89 Ohio St.3d 376, the Supreme Court of Ohio determined that claimants who left the former position of employment to accept other employment and were subsequently prevented from performing that job by a re-occurrence of the original industrial injury were eligible to receive TTD compensation. In State ex rel. McCoy v. Dedicated Transport, Inc.,97 Ohio St.3d 25, 2002-Ohio-5305, the court extended the holding fromBaker to any claimant who voluntarily left the former position of employment, regardless of the reason, including one who had been discharged. The McCoy court stated:
 A claimant who voluntarily abandoned his or her former position of employment or who was fired under circumstances that amount to a voluntary abandonment of the former position will be eligible to receive temporary total disability compensation pursuant to R.C. 4123.56 if he or she reenters the work force and, due to the original industrial injury, becomes temporarily and totally disabled while working at his or her new job.
Id. at syllabus.
 {¶ 36} In McCoy, the claimant had voluntarily abandoned his former position of employment when he was fired. Claimant later sought TTD compensation after he was diagnosed with a disc herniation and needed surgery. Claimant argued that he had re-entered *Page 12 
the workforce as a truck driver. However, the court noted that claimant's reemployment consisted of driving his cousin's truck on 12 to 15 separate days between February 29 and April 15, 1999, at $12 each day. The court found that this did not constitute sustained gainful employment and denied claimant's request for TTD compensation.
 {¶ 37} Following McCoy, it is apparent that, in order to receive TTD compensation after a claimant has voluntarily abandoned the former position of employment, the claimant must have secured gainful employment and, thereafter, be precluded from performing that employment due to the original industrial injury. In her brief, relator concedes that she left her job for reasons unrelated to her work injury. As such, the commission did not abuse its discretion when it found that relator had voluntarily left her former job. However, relator could have been entitled to receive TTD compensation if she later secured gainful employment and then became temporarily disabled from performing her new job as a result of the allowed conditions.
 {¶ 38} In State ex rel. Eckerly v. Indus. Comm., 105 Ohio St.3d 428,2005-Ohio-2587, the Supreme Court of Ohio upheld the commission's denial of TTD compensation to a claimant who had voluntarily abandoned the workforce when he was fired and then asserted he had become re-employed and later temporarily disabled. The claimant failed to provide any pay stubs, wage statements, tax records, or any other evidence demonstrating that he had been employed again. In State ex rel. Pierron v. Indus.Comm., 172 Ohio App.3d 168, 2007-Ohio-3292, the commission determined that the claimant had voluntarily abandoned his employment. Thereafter, the claimant argued that his part-time work at a flower shop demonstrated that he had re-entered the *Page 13 
workforce. The record showed that claimant delivered flowers from April 1997 to March 1998 and was paid $3 per hour. The flower shop owner indicated that the claimant made deliveries as needed perhaps five hours per week, and that he had worked for approximately six months. This court rejected claimant's argument that he had become gainfully employed. Specifically, this court stated:
 * * * [R]elator's part-time work delivering flowers — where the evidence shows that he worked about five hours per week for some period of time in 1997 and 1998, he earned less than minimum wage, and the "employer" made no withholdings — did not constitute "gainful employment" for [purposes of qualifying for TTD compensation].
Id. at ¶ 27.
 {¶ 39} In the present case, the commission determined that relator's work activities did not constitute "gainful employment" and denied her request for TTD compensation.
 {¶ 40} Relator argues the SHO stated that only where a claimant returns to full-time employment can that claimant receive TTD compensation after they voluntarily abandoned the workforce. The magistrate finds that relator has mischaracterized the commission's determination. Nowhere in the commission's order did the SHO state that relator was denied TTD compensation because she had not returned to full-time employment. Instead, the commission stated that relator had not returned to gainful employment. The magistrate finds that this determination is supported by the record. Specifically, over a four-month period, relator worked only 36 hours. Obviously, this does not constitute full-time work and, arguably, it does not even constitute part-time work. In order to receive TTD compensation, the industrial injury must remove the claimant from his or her job. The magistrate finds that the commission did not abuse its discretion when *Page 14 
it found that relator, who had worked 36 hours in four months, had not returned to gainful employment and, as such, denied her TTD compensation.
 {¶ 41} Based on the foregoing, it is this magistrate's conclusion that relator has not demonstrated that the commission abused its discretion when it denied her TTD compensation and relator's request for a writ of mandamus should be denied. *Page 1