[Cite as *State ex rel. Cinergy Corp./Duke Energy v. Heber,* 130 Ohio St.3d 194, 2011-Ohio-5027.]

THE STATE EX REL. CINERGY CORPORATION/DUKE ENERGY, APPELLEE, *v.*

HEBER, APPELLANT; INDUSTRIAL COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Cinergy Corp./Duke Energy v. Heber,*

130 Ohio St.3d 194, 2011-Ohio-5027.]

*Workers' compensation—Permanent total disability—Voluntary retirement—*
*Evidence of injury as cause of retirement.*

(No. 2010-1535—Submitted September 21, 2011—Decided October 4, 2011.)

APPEAL from the Court of Appeals for Franklin County, No. 09AP-964,

2010-Ohio-3484.

_____

**Per Curiam**.

{¶ 1} At issue is appellant's, Arthur R. Heber's, eligibility for permanent total disability ("PTD") compensation. Heber was a long-time employee of appellee, Cinergy Corporation/Duke Energy. In 1970, he was injured. Nineteen years later, he retired from Cinergy and has not worked since.

{¶ 2} In 2008, Heber applied for PTD compensation. At proceedings before a staff hearing officer for appellee Industrial Commission of Ohio, the issue of Heber's retirement was raised. In the order that followed, the staff hearing officer noted that according to Heber, he retired because of his injury. The hearing officer did not, however, rule on the credibility of that assertion, nor did she determine whether Heber's retirement was voluntary or involuntary. Her analysis instead focused solely on the medical evidence and concluded that Heber was permanently and totally disabled.

{¶ 3} After administrative reconsideration was denied, Cinergy filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in granting Heber's PTD application

without first ruling on the voluntariness of his retirement. The court of appeals agreed and granted a limited writ that vacated the order and ordered the commission to reconsider the matter and issue an amended order.

{¶ 4} This cause is now before this court on an appeal as of right.

{¶ 5} A retirement initiated by a claimant for reasons unrelated to the industrial injury is considered voluntary. *State ex rel. Rockwell Internatl. v. Indus. Comm.* (1988), 40 Ohio St.3d 44, 531 N.E.2d 678. A voluntary retirement from the work force prior to asserting PTD precludes the payment of compensation for that disability. *State ex rel. Baker Material Handling Corp. v. Indus. Comm.* (1994), 69 Ohio St.3d 202, 631 N.E.2d 138, paragraph two of the syllabus. The character of a claimant's retirement is therefore critical to a PTD analysis.

{¶ 6} Contrary to Heber's representation, the hearing officer's brief reference to Heber's assertion that he retired because of his injury does not constitute an affirmative determination on the character of his departure. Consequently, the court of appeals was correct in ordering further consideration. One aspect of the court of appeals' decision, however, merits clarification.

{¶ 7} Citing Ohio Adm.Code 4121-3-34(D)(1)(d), the court of appeals implied that the only way that a claimant could substantiate that a retirement was injury-induced was through the submission of medical evidence of his condition prepared at the time of retirement. Ohio Adm.Code 4121-3-34(D)(1)(d) does not say this. The provision states that *if* such evidence is submitted, the commission must consider it, but it does not say that such evidence is the only way that a claimant can establish that retirement was involuntary. The commission, after all, is the exclusive evaluator of the weight and credibility of the evidence presented, and it has substantial leeway to draw inferences from that evidence. *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 31 OBR 70, 508 N.E.2d 936; *State ex rel. Lawson v. Mondie Forge*, 104 Ohio St.3d 39, 2004-Ohio-6086,

817 N.E.2d 880. While the commission may characterize retirement as voluntary based on a lack of contemporaneous medical evidence of disability, see *State ex rel. Lackey v. Indus. Comm.*, 129 Ohio St.3d 119, 2011-Ohio-3089, 950 N.E.2d 542, it is not required to do so, because there may be other evidence that substantiates the connection between injury and retirement.

{¶ 8} The judgment of the court of appeals is affirmed.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Frost, Brown, Todd, L.L.C., and Julie M. Bruns, for appellee Cinergy Corporation/Duke Energy.

Butkovich & Crosthwaite Co., L.P.A., and Joseph A. Butkovich, for appellant.

Michael DeWine, Attorney General, and Rachel L. Lawless, Assistant Attorney General, for appellee Industrial Commission of Ohio.

_____