THE STATE EX REL. HOFFMAN, APPELLANT, *v.* REXAM BEVERAGE CAN
COMPANY ET AL., APPELLEES.

[Cite as *State ex rel. Hoffman v. Rexam Beverage Can Co.,* 137 Ohio St.3d 129,
2013-Ohio-4538.]

*Workers' compensation—Temporary-total-disability compensation—Voluntary
retirement—Abandonment of the workforce—Court of appeals' judgment
denying benefits affirmed.*

(No. 2012-1109—Submitted July 9, 2013—Decided October 16, 2013.)

APPEAL from the Court of Appeals for Franklin County, No. 11AP-533,
2012-Ohio-2469.

_____

**Per Curiam**.

{¶ 1} The Industrial Commission determined that appellant, Gerald E. Hoffman, was not eligible for temporary total disability compensation because he had voluntarily retired and had abandoned the workforce.

{¶ 2} The Tenth District Court of Appeals denied Hoffman's request for a writ of mandamus. The court determined that there was some evidence in the record that Hoffman's retirement was voluntary; thus, the commission had not abused its discretion when it denied Hoffman compensation based on his ineligibility.

{¶ 3} For the reasons that follow, we affirm.

{¶ 4} Hoffman was a mechanic for Rexam Beverage Can Company; he injured his knee while working on February 11, 2003. He had knee surgery on July 3, 2003, and returned to work without restrictions on October 6, 2003.

{¶ 5} In 2008, Hoffman began to see Dr. Nabil Ebraheim for continuing knee problems. On March 13, 2008, Dr. Ebraheim administered an injection into

Hoffman's right knee and released him to work with climbing and walking restrictions. Hoffman's employer was unable to accommodate those restrictions, so Hoffman did not return to work. In May 2008, he was awarded temporary-total-disability compensation as of February 13, 2008. And in October 2008, he was awarded Social Security disability as of August 2008.

{¶ 6} On October 17, 2008, Hoffman's wife informed his employer that Hoffman intended to retire effective November 1, 2008. Charlotte V. Reilly, vice president of benefits, sent Hoffman a letter with information regarding his retirement package. Reilly notified Hoffman that he was eligible for early retirement based on his age (63) and years of service (more than 30). Reilly also informed Hoffman that because of his workers' compensation status, he could not "elect to retire and begin [his] pension benefit unless [he did] not intend to return to work following the completion of Workers' Compensation." (Underlining sic.)

{¶ 7} Hoffman elected not to retire at that time, and he continued to receive temporary-total-disability compensation.

{¶ 8} On January 23, 2009, Hoffman underwent surgery for a total knee replacement. Dr. Ebraheim later reported that Hoffman had reached maximum medical improvement ("MMI") on May 1, 2009. Consequently, the Bureau of Workers' Compensation notified Hoffman that his temporary-total-disability compensation was terminated effective April 30, 2009.

{¶ 9} Hoffman retired from Rexam on August 1, 2009, at age 64.

{¶ 10} On December 21, 2010, Hoffman again underwent knee surgery. He filed for temporary-total-disability compensation from the date of the surgery. A staff hearing officer denied the application on the basis that Hoffman had voluntarily retired and abandoned the workforce and thus was ineligible for temporary-total-disability compensation.

{¶ 11} Hoffman filed a complaint for a writ of mandamus in the Tenth District Court of Appeals alleging that the commission's decision was not

supported by evidence in the record and constituted an abuse of discretion. The court of appeals denied the writ.

{¶ 12} This cause is now before this court on an appeal as of right.

{¶ 13} To be entitled to an extraordinary remedy in mandamus, Hoffman must establish a clear legal right to the relief requested, a clear legal duty on the part of the commission to provide the relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Gen. Motors Corp. v. Indus. Comm.*, 117 Ohio St.3d 480, 2008-Ohio-1593, 884 N.E.2d 1075, ¶ 9. Thus, if Hoffman demonstrates that the commission abused its discretion when it concluded that he was ineligible for compensation, a writ of mandamus may be an available remedy. *Id*. "[I]n this context, abuse of discretion has been repeatedly defined as a showing that the commission's decision was rendered without some evidence to support it." *State ex rel. Burley v. Coil Packing, Inc*., 31 Ohio St.3d 18, 20, 508 N.E.2d 936 (1987).

{¶ 14} The purpose of temporary-total-disability compensation is to compensate an injured employee for lost earnings during a period of disability while an injury heals. *State ex rel. McCoy v. Dedicated Transport, Inc.*, 97 Ohio St.3d 25, 2002-Ohio-5305, 776 N.E.2d 51, ¶ 35; *State ex rel. Ashcraft v. Indus. Comm.*, 34 Ohio St.3d 42, 44, 517 N.E.2d 533 (1987). If the claimant leaves the workforce for reasons unrelated to the industrial injury, there is no loss of earnings due to the injury, and the claimant is not eligible for temporary-total-disability compensation. *State ex rel. Pierron v. Indus. Comm*., 120 Ohio St.3d 40, 2008-Ohio-5245, 896 N.E.2d 140, ¶ 9.

{¶ 15} Whether a claimant voluntarily retired or abandoned the workforce after his injury is a question of fact for the commission to determine. *Id.* at ¶ 10. This court has described the question of abandonment as " 'primarily * * * [one] of intent * * * [that] may be inferred from words spoken, acts done, and other objective facts.' " *State ex rel. Diversitech Gen. Plastic Film Div. v. Indus.*

*Comm.*, 45 Ohio St.3d 381, 383, 544 N.E.2d 677 (1989), quoting *State v. Freeman*, 64 Ohio St.2d 291, 297, 414 N.E.2d 1044 (1980). Accordingly, the commission must consider all relevant circumstances, including evidence of the claimant's medical condition at or near the time of departure from the workforce, if submitted, and any other evidence that would substantiate a connection between the injury and retirement. Ohio Adm.Code 4121-3-34(D)(1)(d); *State ex rel. Cinergy Corp./Duke Energy v. Heber*, 130 Ohio St.3d 194, 2011-Ohio-5027, 957 N.E.2d 1, ¶ 7.

{¶ 16} The court of appeals concluded that there was some evidence in the record to support the commission's decision that Hoffman had voluntarily retired. The commission relied on employer records, which stated that Hoffman's retirement was based on years of service, not disability. The commission also had medical reports that Hoffman had reached MMI when he decided to retire. The commission pointed to Hoffman's receipt of Social Security disability benefits as an indication that he did not intend to return to employment, and other than Hoffman's own testimony that he had applied for a job as a greeter at Wal-Mart, there was no evidence that Hoffman had looked for other employment after he retired.

{¶ 17} Hoffman also contends that in addition to having the burden to prove that he was temporarily and totally disabled, the court of appeals improperly placed an additional burden on him to produce evidence that he did not abandon the workforce.

{¶ 18} The court of appeals also rejected this argument. Hoffman's burden was to demonstrate that he was medically entitled to the benefits and that he had remained in the workforce and sustained a loss of earnings. *See Ashcraft*, 34 Ohio St.3d 42, 517 N.E.2d 533. He did not produce evidence that his retirement was injury-induced, and he also did not produce credible evidence that he had made an attempt to find other employment after his retirement. Instead,

the record contained evidence that once Hoffman learned that his temporary-total-disability compensation had been terminated, he chose to permanently retire from Rexam.

**{¶ 19}** The commission is exclusively responsible for evaluating the weight and credibility of the evidence. *State ex rel. George v. Indus. Comm.*, 130 Ohio St.3d 405, 2011-Ohio-6036, 958 N.E.2d 948, ¶ 11; *Burley*, 31 Ohio St.3d at 21, 508 N.E.2d 936. It is within the commission's discretion to rely on the evidence that Hoffman had voluntarily retired from the workforce and was no longer eligible for temporary-total-disability compensation.

**{¶ 20}** Consequently, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and O'NEILL, JJ., concur.

FRENCH, J., not participating.

_____

Gallon, Takacs, Boissoneault & Schaffer Co., L.P.A., and Theodore A. Bowman, for appellant.

_____