[Cite as *State ex rel. Goff v. Indus. Comm.*, 2016-Ohio-7270.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio ex rel. Barbara Goff,           :

     Relator,           :

v.           :           No. 15AP-1016

The Industrial Commission of Ohio           :           (REGULAR CALENDAR)
and John G. Cleminshaw, Inc.,
                                             :
     Respondents.
                                             :

                                             :

_____

D E C I S I O N

Rendered on October 11, 2016

_____

**On brief:** *M. Blake Stone, L.P.A., Inc.*, and *M. Blake Stone*, for relator.

**On brief:** *Michael DeWine*, Attorney General, and *Andrew J. Alatis*, for respondent Industrial Commission of Ohio.

_____

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

SADLER, J.

{¶ 1} Relator, Barbara Goff, commenced this original action requesting a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying her application for temporary total disability ("TTD") compensation and ordering the commission to find she is entitled to that compensation.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued the appended decision,

including findings of fact and conclusions of law. The magistrate determined the commission's finding that relator had no wages to replace to support TTD compensation was supported by some evidence in the record and, as a result, recommended that this court deny the requested writ of mandamus. For the following reasons, we overrule the objections and deny the requested writ.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 3} None of the parties have filed objections to the magistrate's findings of fact, and following an independent review of the record, we adopt those findings as our own. As more fully set forth in the magistrates' decision, relator sustained a work-related injury in July 2008, and her worker's compensation claim was allowed for a left tibia/fibula fracture along with moderate depressive psychosis, panic disorder, and psychogenic pain. Following her initial injury, relator received approximately one year of TTD compensation, six months of living maintenance, and approximately one year of non-working wage loss compensation. On January 16, 2012, relator's treating physician released her to return to work with no restrictions. Relator did not return to work.

{¶ 4} In August 2012, a new condition called Tailor's bunionette was allowed. Several years later, on April 27, 2015, relator underwent an approved surgery on her left foot to correct that condition. Relator filed an application for TTD compensation supported by the surgeon's opinion that she was temporarily and totality disabled from the date of the surgery to May 20, 2015. A district hearing officer ("DHO") denied her request, reasoning that relator had not re-entered the work force, and, therefore, no wages exist to be replaced by TTD compensation. A staff hearing officer affirmed the DHO's decision, concluding that "the reasons for the Injured Worker being out of the work force are unrelated to the industrial injury," making relator ineligible for TTD compensation. (Mag.'s Decision at ¶ 21.) Relator's further appeal was refused by the commission, and thereafter she filed the instant mandamus action in this court.

{¶ 5} As previously indicated, the magistrate recommended that this court deny relator's request to issue the writ of mandamus. In its decision, the magistrate disagreed with relator's argument that, because she testified that she did look for work for three years but was unable to find employment due to the poor economy and because she did not apply for social security or disability benefits, the commission abused its discretion by

finding she abandoned the work force. The magistrate noted that relator had been released to work three years prior to her surgery and had not returned to employment, that the burden to demonstrate entitlement to TTD compensation was on relator, and that the commission's denial of her TTD compensation request was supported by some evidence in the record.

## II.  OBJECTIONS

{¶ 6}  While relator does not separately set forth specific objections to the magistrate's decision, she generally argues that the magistrate erred by not explaining why relator had abandoned the work force. Specifically, relator argues there is no proof that she abandoned the work force, and, to the contrary, that record evidence shows relator did not abandon the work force.

## III.  DISCUSSION

{¶ 7}  Relator's objections are, in essence, the same arguments made to and addressed by the magistrate. Contrary to relator's argument, the magistrate specifically explained why she disagreed with relator's argument that she did not abandon the work force and explained that TTD compensation is inappropriate where the claimant has no wages to replace.

{¶ 8}  As stated, in relevant part, by the Supreme Court of Ohio in *State ex rel. Floyd v. Formica Corp.*, 140 Ohio St.3d 260, 2014-Ohio-3614:

> R.C. 4123.56 provides for compensation for temporary total disability when an industrial injury prevents a claimant from performing the duties of his position of employment. *State ex rel. Baker v. Indus. Comm.*, 89 Ohio St.3d 376, 380, 2000-Ohio-168, 732 N.E.2d 355 (2000). The purpose is to compensate the injured worker for lost earnings during a period of disability while an injury heals. *State ex rel. Hoffman v. Rexam Beverage Can Co.*, 137 Ohio St.3d 129, 2013-Ohio-4538, 998 N.E.2d 442, ¶ 14.

*Id.* at ¶ 13.

{¶ 9}  "There can be no lost earnings, however, or even a potential for lost earnings, if the claimant is no longer part of the active work force." *State ex rel. Pierron v. Indus. Comm.*, 120 Ohio St.3d 40, 2008-Ohio-5245, ¶ 9; *State ex rel. Escajadillo v. Koch*

*Foods of Cincinnati, LLC*, 10th Dist. No. 14AP-267, 2015-Ohio-1226, ¶ 15. "When the reason for this absence from the work force is unrelated to the industrial injury, temporary total disability compensation is foreclosed." *Pierron* at ¶ 9.

{¶ 10} "There is no one-size-fits-all formula for circumstances involving the issue of voluntary abandonment of employment prior to an alleged period of TTD; * * * the central issue in such circumstances is whether there is a loss of earning as a result of the industrial injury." *Escajadillo* at ¶ 16. In making this determination, the commission has discretion to consider all the evidence before it to determine a claimant's intent, including the weight and credibility of that evidence. *State ex rel. Rockey v. Sauder Woodworking Co.,* 10th Dist. No. 09AP-888, 2011-Ohio-1590, ¶ 17. "The commission may infer a claimant's intent ' " 'from words spoken, acts done, and other objective facts.' " ' " *Floyd* at ¶ 16, quoting *State ex rel. Diversitech Gen. Plastic Film Div. v. Indus. Comm.*, 45 Ohio St.3d 381, 383 (1989), quoting *State v. Freeman*, 64 Ohio St.2d 291, 297 (1980), quoting *United States v. Colbert*, 474 F.2d 174, 176 (5th Cir.1973). Thus, while evidence could support a contrary determination, if there is some evidence in the record to support the commission's finding we will not find that the commission abused its discretion in denying TTD compensation. *Rockey.*

{¶ 11} We conclude that the magistrate correctly reasoned relator had not demonstrated that the commission abused its discretion in denying her application for TTD compensation. Record evidence shows that after being released to work without restrictions, relator did not return to employment for the three years immediately prior to her surgery. Her stated reason for not returning to work was due to the poor economy. The commission had discretion to weigh relator's testimony regarding her apparently undocumented efforts to return to the work force. On this record, relator did not establish a clear right to the relief requested or that the commission had a clear legal duty to provide TTD compensation. Therefore, for the reasons set forth in the magistrate's analysis, we overrule relator's objections. *State ex rel. Schottenstein Stores Corp. v. Indus. Comm.*, 10th Dist. No. 07AP-1066, 2009-Ohio-2142, ¶ 4-5.

## IV. CONCLUSION

{¶ 12} Following review of the magistrate's decision, an independent review of the record, and due consideration of relator's objections, we find the magistrate properly

determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law. In accordance with the magistrate's decision, the requested writ of mandamus is denied.

*Objections overruled;*
*writ of mandamus denied.*

TYACK and KLATT, JJ., concur.

_____

**A P P E N D I X**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Barbara Goff, | : | |
| Relator, | : | |
| v. | : | No. 15AP-1016 |
| The Industrial Commission of Ohio and John G. Cleminshaw, Inc., | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

---

**M A G I S T R A T E ' S   D E C I S I O N**

**Rendered on May 17, 2016**

---

*M. Blake Stone, L.P.A., Inc.,* and *M. Blake Stone,* for relator.

*Michael DeWine*, Attorney General, and *Andrew J. Alatis,* for respondent Industrial Commission of Ohio.

---

IN MANDAMUS

{¶ 13} Relator, Barbara Goff, has filed this original action requesting this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order denying her application for temporary total disability ("TTD") compensation and ordering the commission to find that she is entitled to that compensation.

Findings of Fact:

{¶ 14} 1. Relator sustained a work-related injury on July 14, 2008 when, while working as an appraiser, she slipped and fell.  Ultimately, relator's workers' compensation claim was allowed for the following conditions:

> Distal tibia/fibula comminuted intra-articular fracture left; depressive psychosis moderate; panic disorder; psychogenic pain.

{¶ 15} 2. Relator has not returned to work since the date of injury in 2008.

{¶ 16} 3. Relator received approximately one year of TTD compensation following her injury, approximately six months of living maintenance, and approximately one year of non-working wage loss compensation.

{¶ 17} 4. Relator's treating physician, Raymond L. Candage, M.D., released her to return to work with no restrictions as of January 16, 2012.

{¶ 18} 5. On April 27, 2015, Dr. Candage operated on relator's left foot and completed Physician's Report of Work Ability forms opining that relator was temporarily and totally disabled following the surgery from April 27 to May 20, 2015.

{¶ 19} 6. Relator filed an application for TTD compensation beginning April 27, 2015 supported by the medical documentation from Dr. Candage.

{¶ 20} 7. Relator's application was heard before a district hearing officer ("DHO") on June 1, 2015.  The DHO denied relator's request noting that relator had been released to return to work without restrictions on January 16, 2012, but she had not returned to work.  Specifically, the DHO order provides:

> It is the order of the District Hearing Officer that the C-84 Request For Temporary Total Compensation filed by Injured Worker on 04/24/2015 is denied. Therefore, temporary total compensation is denied from 04/27/2015 through 06/01/2015. The District Hearing Officer finds that Injured Worker is not eligible for temporary total compensation for the reason that Injured [Worker] has not been actively employed since the date of injury.
>
> Injured Worker is requesting temporary total compensation as part of a post-operative recovery period from an approved surgery on 04/27/2015. The surgery was to correct the

Tailor's bunionette, a condition which was not allowed in the claim until 08/06/2012.

Prior to the allowance of this new condition, Raymond L. Candage, M.D., physician of record, released Injured Worker to return to work without restrictions effective 01/16/2012. Until the 04/27/2015 surgery, there was no indication that the newly allowed bunionette rendered Injured Worker temporarily and totally disabled.

Injured Worker testified that she has continuously sought employment since her release to return to work. Injured Worker testified that she was offered a job as a manager at Wendy's in Dalton Ohio but had to turn it down because the job would have required her to work 40 to 60 hours per week. As previously stated, Dr. Candage released Injured Worker to return to work without restrictions.

As Injured Worker has not reentered the workforce, there are no wages to replace. Therefore, the C-84 filed 04/24/2015 is denied.

{¶ 21} 8. Relator's appeal was heard before a staff hearing officer ("SHO") on July 13, 2015. The SHO found that relator had not returned to work since the date of injury and had no wages to replace. Specifically, the SHO order provides:

It is the order of the Staff Hearing Officer that temporary total compensation is denied from 04/27/2015 through 06/01/2015. The Staff Hearing Officer notes that the period of disability is contemporaneous with the surgical procedure on 04/27/2015 for a condition which is recognized in this claim. However, the Staff Hearing Officer finds that payment of temporary total compensation over this period is not appropriate as there are no wages to replace. The Staff Hearing Officer finds that the payment of temporary total compensation is for the purpose of replacing lost wages.

Pursuant to the MEDCO-14, Physician's Report of Work Ability, dated 12/12/2011, the physician of record, Raymond Candage, M.D., released the Injured Worker to return to work with no restrictions as of 01/16/2012. The Injured Worker confirmed that she received a full duty release without an restrictions whatsoever as of 01/16/2012. There is no evidence that any physician disabled the Injured Worker from 01/16/2012 through 04/26/2015.

The Injured Worker testified that she did look for work, but in the three years since she was released to return to work without restrictions she has not been able to find a job. The Injured Worker testified there was some confusion over the refusal to accept a job at Wendy's. The Injured Worker testified at today's hearing that the Wendy's job was in 2011 while she was in vocational rehabilitation. Further, much of the Injured Worker's testimony regarding a job search concerned her efforts during vocational rehabilitation which was prior to her full duty release.

The Injured Worker's testimony is noted. However, the Staff Hearing Officer finds that this does not change the fact that the Injured Worker had no wages to replace. Therefore, pursuant to *State ex rel. Eckerly v. Industrial Commission* (2005), 105 Ohio St.3d 428, temporary total compensation is not payable as the Injured Worker did not have a job at the time of the alleged disability; to wit, 04/27/2015. The Injured Worker has indicated that her lack of finding a job was due to a poor economy, rather than an allowed condition of this claim. Thus, the Staff Hearing Officer concludes that the reasons for the Injured Worker being out of the work force are unrelated to the industrial injury, as such, there is no loss of earnings due to the injury and the Injured Worker is not eligible for temporary total compensation. *State ex rel. Pierron v. Industrial* (2008), 120 Ohio St.3d 40.

{¶ 22} 9. Relator's further appeal was refused by order of the commission mailed August 12, 2015.

{¶ 23} 10. Thereafter, relator filed the instant mandamus action in this court.

Conclusions of Law:

{¶ 24} For the reasons that follow, it is this magistrate's decision that this court should deny relator's request for a writ of mandamus.

{¶ 25} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 26} In order for this court to issue a writ of mandamus as a remedy from a determination of the commission, relator must show a clear legal right to the relief sought and that the commission has a clear legal duty to provide such relief. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). A clear legal right to a writ of mandamus exists where the relator shows that the commission abused its discretion by entering an order which is not supported by any evidence in the record. *State ex rel. Elliott v. Indus. Comm.*, 26 Ohio St.3d 76 (1986). On the other hand, where the record contains some evidence to support the commission's findings, there has been no abuse of discretion and mandamus is not appropriate. *State ex rel. Lewis v. Diamond Foundry Co.*, 29 Ohio St.3d 56 (1987). Furthermore, questions of credibility and the weight to be given evidence are clearly within the discretion of the commission as fact finder. *State ex rel. Teece v. Indus. Comm.*, 68 Ohio St.2d 165 (1981).

{¶ 27} TTD compensation awarded pursuant to R.C. 4123.56 has been defined as compensation for wages lost where a claimant's injury prevents a return to the former position of employment. Upon that predicate, TTD compensation shall be paid to a claimant until one of four things occurs: (1) claimant has returned to work; (2) claimant's treating physician has made a written statement that claimant is able to return to the former position of employment; (3) when work within the physical capabilities of claimant is made available by the employer or another employer; or (4) claimant has reached maximum medical improvement. *See* R.C. 4123.56(A); *State ex rel. Ramirez v. Indus. Comm.*, 69 Ohio St.2d 630 (1982).

{¶ 28} In the present case, relator has not worked since the date of her injury, July 14, 2008. Relator was released to return to work without any restrictions on January 16, 2012. She did not do so. Relator testified and argues here that she did look for work; however, in the three years since she was released to return to work without restrictions, she has been unable to secure employment due to the poor economy. Because she did not apply for either Social Security retirement or disability benefits during that three-year period, relator asserts there is no evidence that she intended to abandon the workforce. As such, relator asserts that the cases cited by the commission (*State ex rel. Eckerly v. Indus. Comm.*, 105 Ohio St.3d 428, 2005-Ohio-2587; *State ex*

*rel. Pierron v. Indus. Comm.*, 120 Ohio St.3d 40, 2008-Ohio-5245) do not apply here. For the reasons that follow, this magistrate disagrees.

{¶ 29} In *Eckerly,* Shawn Eckerly was fired and the commission determined that his discharge constituted a voluntary abandonment of his former position of employment pursuant to *State ex rel. Louisiana-Pacific Corp. v. Indus. Comm.*, 72 Ohio St.3d 401 (1995). After his discharge, Eckerly was engaged in sporadic employment. The commission denied his later request for TTD compensation on grounds that he had voluntarily abandoned the workforce. Eckerly argued that, because he presented some evidence that he did return to some employment, pursuant to *State ex rel. McCoy v. Dedicated Transport, Inc.*, 97 Ohio St.3d 25, 2002-Ohio-5305, he was entitled to TTD compensation.

{¶ 30} In his mandamus action, Eckerly argued that, so long as he established that he obtained any other job after his termination, even if for one day, his eligibility for TTD compensation was forever re-established. The Supreme Court of Ohio disagreed emphasizing that, in order to be entitled to TTD compensation, the industrial injury must remove the claimant from his or her job, and this requirement cannot be satisfied where the claimant had no job at the time of the alleged disability.

{¶ 31} In *Pierron,* Richard Pierron was seriously injured in 1973, and his doctor imposed medical restrictions which were incompatible with his former position of employment as a lineman. His employer offered him a light-duty warehouse job which Pierron performed for the next 23 years.

{¶ 32} In 1997, when that light-duty position was eliminated, Pierron retired. In the years that followed, Pierron remained unemployed except for a brief part-time position as a flower delivery person.

{¶ 33} When Pierron later requested TTD compensation, the commission denied his request finding that his separation and departure from the workforce was unrelated to his work injury.

{¶ 34} Pierron sought relief in mandamus; however, both this court and the Supreme Court found that the commission did not abuse its discretion in denying his request for TTD compensation. Both courts noted that, while Pierron did not initiate his departure from his employment (his job was eliminated), there was no causal

relationship between his industrial injury and either his departure or his decision to no longer be actively employed. Because TTD compensation is designed to replace lost wages, both courts found that TTD compensation was not appropriate where a claimant had no wages to replace.

{¶ 35} In the present case, relator asserts that, for three years she tried to find employment; however, she was unable to find any employment due to the poor economy. As such, relator asserts that the commission abused its discretion by finding that she had abandoned the workforce. For the reasons that follow, the magistrate disagrees.

{¶ 36} The magistrate first notes that relator did participate in vocational rehabilitation services for approximately 20 weeks, ending in March 2010. She asserts that her vocational rehabilitation file was closed because she did not secure employment. However, she engaged in this vocational rehabilitation prior to January 16, 2012, when Dr. Candage released her to return to work without any restrictions. Aside from her testimony, relator did not present any evidence that she diligently searched for work during this time period.

{¶ 37} The burden was on relator to demonstrate that she was entitled to an award of TTD compensation. Following surgery, she was unable to work; however, relator had been released to work with no restrictions three years earlier, and she did not return to any employment. Because TTD compensation is designed to compensate an employee for lost wages when the allowed conditions in their claim prevent them from working, TTD compensation is not appropriate where a claimant has no wages to replace. Here, the commission denied relator's request for TTD compensation because she had not been working at the time of the alleged disability. This finding is supported by some evidence in the record and does not constitute an abuse of discretion.

{¶ 38} Based on the foregoing, it is this magistrate's decision that relator has not demonstrated that the commission abused its discretion when it denied her application for TTD compensation and this court should deny her request for a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).