[Cite as *State ex rel. Smith v. Indus. Comm.*, 2016-Ohio-8339.]

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Bonnie L. Smith, | : | |
| Relator, | : | |
| v. | : | No. 15AP-912 |
| Industrial Commission of Ohio and Fairfield City School District, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

# D E C I S I O N

## Rendered on December 22, 2016

**On brief:** *Roeller & Roeller, LLC*, and *Robert K. Roeller*, for relator. **Argued:** *Robert K. Roeller*.

**On brief:** *Michael DeWine*, Attorney General, and *Patsy A. Thomas*, for respondent Industrial Commission of Ohio. **Argued:** *Patsy A. Thomas*.

**On brief:** *Coolidge Wall Co., L.P.A., David C. Korte, Michelle D. Bach*, and *Joshua R. Lounsbury*, for respondent Fairfield City School District. **Argued:** *Joshua R. Lounsbury*.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

DORRIAN, P.J.

{¶ 1} Relator, Bonnie L. Smith, has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate the order of its staff hearing officer ("SHO") mailed

September 2, 2015[1] that refused relator's appeal, pursuant to R.C. 4123.511(E), from an order of another SHO that denied relator's request for temporary total disability ("TTD") compensation following an August 10, 2015 hearing.  Relator requests the writ order the commission to hear her appeal in which she has endeavored to submit additional documentary evidence.

{¶ 2}  Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto.  The magistrate recommends this court deny the request for a writ of mandamus.

{¶ 3}  Relator has filed four objections to the magistrate's decision as follows:

> [I.] Relator objects to the Magistrate's personal selection of the Magistrate's "Findings of Fact" that were not specifically stated by the Industrial Commission Order or what evidence the Commission had relied upon or its reasoning for its refusal Decision.
>
> [II.] The Relator objects to the Magistrate's Decision that fails to address the specific problem of the August 10, 2015 Order of the SHO that stated the issue was PAYMENT of Temporary Total Compensation after forced retirement by the Employer because the SHO could not find written documentation in the file after the Relator testified she was forced to retire by the Employer.
>
> [III.] Relator objects to the Magistrate's statement that "A refusal of further appeal is not an 'order' and does not grant or deny benefits to a claimant."
>
> [IV.] Relator objects to the Magistrate's assertion that State ex rel. Extendicare Health Servs., Inc. v. Indus. Comm. and Mahogney Harrison, Respondent, 10th Dist. No. 03AP-1201, 2004-Ohio-5255 is similar to Relator Bonnie L. Smith's case.

(Emphasis sic.)

{¶ 4}  We begin by noting that it appears relator confuses the commission's administrative appeal process, pursuant to R.C. 4123.511(E), with the process, pursuant to

---

[1] The hearing date for this order was August 28, 2015; however, the order was not mailed until September 2, 2015. For reference purposes, we will use the "mailed" date when referring to orders of the commission.

R.C. 4121.35(B)(2) and 4123.511(D).  Indeed, relator's brief presented to the magistrate is replete with references to R.C. 4121.35.

{¶ 5}  R.C. 4121.35 states:

(A) Staff hearing officers shall consider and decide all matters specified in division (B) of this section.

(B) Except as provided in division (D) of this section, staff hearing officers have original jurisdiction to hear and decide the following matters:

* * *

(2) Appeals from an order of a district hearing officer issued under division (C) of section 4123.511 of the Revised Code;

(C) The decision of a staff hearing officer under division (D) of section 4123.511 of the Revised Code is the decision of the commission for the purposes of section 4123.512 of the Revised Code unless the commission hears an appeal under division (E) of section 4123.511 of the Revised Code.

(D) Staff hearing officers shall hold hearings on all matters referred to them for hearing. Hearing procedures shall conform to the rules the commission adopts pursuant to section 4121.36 of the Revised Code.

{¶ 6}  R.C. 4123.511 states:

(C) If an employer or claimant timely appeals the order of the administrator issued under division (B) of this section or in the case of other contested claims other than state fund claims, the commission shall refer the claim to an appropriate district hearing officer according to rules the commission adopts under section 4121.36 of the Revised Code.

Any party may appeal an order issued under this division pursuant to division (D) of this section within fourteen days after receipt of the order under this division.

(D) Upon the timely filing of an appeal of the order of the district hearing officer issued under division (C) of this section, the commission shall refer the claim file to an appropriate staff hearing officer according to its rules adopted under section 4121.36 of the Revised Code. * * * Any

party may appeal an order issued under this division pursuant to division (E) of this section within fourteen days after receipt of the order under this division.

(E) Upon the filing of a timely appeal of the order of the staff hearing officer issued under division (D) of this section, the commission or a designated staff hearing officer, on behalf of the commission, shall determine whether the commission will hear the appeal. * * * If the commission or the designated staff hearing officer determines not to hear the appeal, within fourteen days after the expiration of the period in which an appeal of the order of the staff hearing officer may be filed as provided in division (D) of this section, the commission or the designated staff hearing officer shall issue an order to that effect and notify the parties and their respective representatives in writing of that order.

Except as otherwise provided in this chapter and Chapters 4121., 4127., and 4131. of the Revised Code, any party may appeal an order issued under this division to the court pursuant to section 4123.512 of the Revised Code within sixty days after receipt of the order, subject to the limitations contained in that section.

{¶ 7} A review of the stipulation of evidence filed by relator reveals that, on June 23, 2015, pursuant to R.C. 4121.34[2] and 4123.511, the district hearing officer ("DHO") found that relator had abandoned the entire workforce and she was not entitled to TTD compensation benefits. On August 12, 2015, the SHO, pursuant to R.C. 4121.35(B) and 4123.511(D), affirmed the DHO and found that relator had voluntarily abandoned the workforce and was not entitled to TTD compensation benefits. On September 2, 2015, pursuant to R.C. 4123.511(E), another SHO refused relator's appeal of the August 12, 2015 order pursuant to its authority under R.C. 4123.511(E). The complaint requesting a writ of mandamus asks this court to vacate the September 2, 2015 order refusing appeal.

{¶ 8} With all this in mind, we address relator's third objection first because resolution of the same provides context to relator's first, second, and fourth objections. In

---

[2] R.C. 4121.34 states: "(A) District hearing officers shall hear the matters listed in division (B) of this section. * * * (B) District hearing officers shall have original jurisdiction on all of the following matters: (1) Determinations under section 4123.57 of the Revised Code; (2) All appeals from a decision of the administrator of workers' compensation under division (B) of section 4123.511 of the Revised Code; (3) All other contested claims matters under this chapter and Chapters 4123., 4127., and 4131. of the Revised Code, except those matters over which staff hearing officers have original jurisdiction."

her third objection, relator argues the magistrate should not refer to the September 2, 2015 order of the SHO as an "order" after concluding that it is not an order which grants or denies benefits.

{¶ 9} Consistent with our rulings in *State ex rel. Extendicare Health Servs. v. Harrison*, 10th Dist. No. 03AP-1201, 2004-Ohio-5255, the SHO's September 2, 2015 order refusing appeal was not an order granting or denying benefits to a claimant. In *Extendicare Health*, we considered whether the commission was required to explain its reasons for refusing administrative appeal and state the evidence on which it relies pursuant to *State ex rel. Mitchell v. Robbins & Myers, Inc.*, 6 Ohio St.3d 481, 483 (1983), and *State ex rel. Noll v. Indus. Comm.*, 57 Ohio St.3d 203, 206 (1991). We concluded:

> We do not interpret the clear language employed by the court in *Noll* to require an explanation of the commission's reasoning when the commission refuses to hear a further appeal from a decision of a Staff Hearing Officer granting benefits to a claimant. *A refusal of further appeal is not an "order" and does not grant or deny benefits to a claimant.*

(Emphasis added.) *Extendicare Health* at ¶ 5.

{¶ 10} We overrule relator's third objection as it is clear that the magistrate's reference to the "SHO's order" is reference to an order that does not grant or deny benefits. Accordingly, the third objection is overruled.

{¶ 11} We next address the fourth objection. Resolution of the same is consistent with our determination that the SHO's order refusing appeal is not an order which grants or denies benefits and, therefore, it is not necessary to comply with the *Noll* and *Mitchell* requirements of explaining the reasons for refusing an administrative appeal and stating the evidence on which the commission relies. Relator argues that *Extendicare Health* can be distinguished from the case at bar because in *Extendicare Health*, the employer's request for mandamus came after the employer's request for reconsideration was denied by the commission. We disagree with relator that the procedural differences between *Extendicare Health* and the case at bar require the commission to treat the SHO's order refusing appeal in this case differently from the SHO's order refusing appeal in *Extendicare Health*. We also note that in *Extendicare Health*, we addressed the refusal of appeal and then separately addressed the refusal of reconsideration. Relator points to no

authority that would cause us to come to a different conclusion. Accordingly, the fourth objection is overruled.

{¶ 12} We next address the first objection. Relator's first objection argues the commission should have allowed the appeal of the August 12, 2015 SHO order. She argues that we should follow precedent set in a different Extendicare Health case, *State ex rel. Extendicare Health Servs., Inc. v. Indus. Comm.*, 10th Dist. No. 02AP-1246, 2003-Ohio-3435, where this court granted a writ of mandamus and ordered the commission to vacate its order and reconsider the claimant's entitlement to TTD compensation. Relator further argues the commission should have briefly explained its reasoning or the evidence on which it relied. Finally, she argues that the magistrate's selection of facts cannot be accepted for a full court decision.

{¶ 13} As discussed previously regarding the third and fourth objections, the commission was not required to state its reasoning and the evidence on which it relied when refusing the appeal. Furthermore, we take no issue with the magistrate's recitation of facts and note that relator does not point to any specific facts which are not supported by the record. Furthermore, we note that the magistrate's findings of fact include recognition of the three documents submitted with the August 24, 2015 notice of appeal, which relator asks this court to require the commission to consider on appeal. (*See* Appended Magistrate's Decision at ¶ 34-35.)

{¶ 14} Further, the facts in *Extendicare Health*, 2003-Ohio-3435, are different from the facts before us now and do not set a precedent for us to follow. In that case, we granted a writ of mandamus and ordered the commission to reconsider the reports of two doctors who the commission had rejected. The case was first considered by a DHO and then appealed to an SHO. It was further appealed and a motion for reconsideration was filed. The further appeal and reconsideration were refused by the commission. The complaint filed by the relator was a request for mandamus to vacate the order which had granted TTD compensation—not to vacate the order which refused the appeal or reconsideration. In contrast, the complaint filed in this case indicates that relator requests a writ of mandamus to vacate the SHO's order of September 2, 2015—the order refusing the appeal. Accordingly, the first objection is overruled.

{¶ 15} Finally, we address the second objection. Regarding the second objection, relator essentially argues the magistrate ultimately decided the merits of the denial of TTD compensation. She further argues that in so doing, and in denying the requested writ, the magistrate violates *State ex rel. Rockwell Internatl. v. Indus. Comm.*, 40 Ohio St.3d 44 (1988). Relator argues the magistrate should have granted the writ for mandamus as it did in *Extendicare Health*, 2003-Ohio-3435.

{¶ 16} We disagree with relator's contention that the magistrate decided the merits of the denial of TTD compensation. The magistrate concluded that the SHO's order mailed September 2, 2015 which refuses relator's administrative appeal is not an abuse of discretion. The magistrate did not consider nor decide the merits of the denial of TTD compensation; nor shall we. Accordingly, the second objection is overruled.

{¶ 17} On review of the magistrate's decision, an independent review of the record, and due consideration of relator's objections, we find the magistrate has properly determined the pertinent facts and applied the appropriate law. We therefore overrule relator's four objections to the magistrate's decision and adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. Accordingly, the requested writ of mandamus is hereby denied.

*Objections overruled;*
*writ of mandamus denied.*

LUPER SCHUSTER and BRUNNER, JJ., concur.

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Bonnie L. Smith, | : | |
| Relator, | : | |
| v. | : | No. 15AP-912 |
| Industrial Commission of Ohio,<br>Stephen Buehrer, Administrator<br>the Bureau of Workers' Compensation,<br>and Fairfield City School District, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |
| | : | |

### M A G I S T R A T E ' S   D E C I S I O N

**Rendered on May 23, 2016**

*Roeller & Roeller, LLC,* and *Robert K. Roeller,* for relator.

*Michael DeWine,* Attorney General, and *Patsy A. Thomas,* for respondent Industrial Commission of Ohio.

*Coolidge Wall Co., L.P.A., David C. Korte, Michelle D. Bach* and *Joshua R. Lounsbury,* for respondent Fairfield City School District.

### IN MANDAMUS

{¶ 18} In this original action, relator, Bonnie L. Smith, requests a writ of mandamus ordering respondent, Industrial Commission of Ohio ("commission"), to vacate the order of its staff hearing officer ("SHO") mailed September 2, 2015 that refused relator's appeal from an order of another SHO that denied relator's request for temporary total disability ("TTD") compensation following an August 10, 2015 hearing. Relator

requests that the writ order the commission to hear relator's appeal in which relator has endeavored to submit additional documentary evidence.

<u>Findings of Fact</u>:

{¶ 19} 1. On November 14, 2011, relator sustained an industrial injury while employed as a cook for respondent Fairfield City School District ("Fairfield City Schools"), a self-insured employer under Ohio's workers' compensation laws. The industrial claim (No. 11-859087) is allowed for "fracture left distal radius; fracture left patella."

{¶ 20} 2. The record contains a letter dated July 26, 2013 from the payroll/benefits officer of Fairfield City Schools to the School Employee's Retirement System ("SERS"). The letter states that relator used her sick leave from November 15, 2011 through January 2, 2012. She began an unpaid leave of absence on January 3, 2012 and has remained on an unpaid leave of absence through the date of the letter.

{¶ 21} 3. Relator began receiving TTD compensation from Fairfield City Schools.

{¶ 22} 4. In May 2013, Fairfield City Schools moved to terminate TTD compensation based upon a report from Dr. Vogelstein, D.O.

{¶ 23} 5. On May 16, 2013, relator's attending physician Glen A. McClung, M.D., opined that the industrial injury had reached maximum medical improvement ("MMI"). Accordingly, Fairfield City Schools terminated TTD compensation based upon Dr. McClung's MMI opinion.

{¶ 24} 6. On March 5, 2015, relator underwent left knee surgery.

{¶ 25} 7. On March 6, 2015, Dr. McClung completed a "Physician's Report of Work Ability," which is a form provided by the Ohio Bureau of Workers' Compensation ("bureau"). The bureau designates the form as a Medco-14. On the form, Dr. McClung indicated by his mark that relator is temporarily unable to perform any work including that of her former position of employment for the period March 5 to April 5, 2015.

{¶ 26} 8. On another Medco-14 dated August 7, 2015, Dr. McClung extended the period of disability to October 14, 2015.

{¶ 27} 9. On March 23, 2015, relator filed a C-84 request for TTD compensation.

{¶ 28} 10. On June 19, 2015, a district hearing officer ("DHO") heard relator's C-84 request for TTD compensation. Relator appeared at the hearing with counsel. Fairfield City Schools was also represented at the hearing. The hearing was not recorded.

{¶ 29} 11. Following the June 19, 2015 hearing, the DHO issued an order denying the request for TTD compensation. The DHO's order explains:

> It is the order of the District Hearing Officer that the request for payment of temporary total disability compensation benefits beginning 03/05/2015 through 04/17/2015 and to continue, as requested, is denied.
>
> It is the finding of the District Hearing Officer that the Injured Worker is requesting payment of temporary total disability compensation benefits beginning 03/05/2015. The District Hearing Officer finds that the Injured Worker is not currently in the workforce and has not shown an intent to return to the workforce. At hearing, the Injured Worker testified that she retired from work with the named Employer in May 2012. The Injured Worker testified that she took a regular retirement. The Injured Worker further testified that she has not worked or looked for work since that time. The Injured Worker testified that she does not intend to return to work for the named Employer. The District Hearing Officer finds that the Injured Worker did not testify that she intends to return to the workforce. Therefore, based on these facts, the Hearing Officer finds that the Injured Worker has abandoned the entire workforce such that she is not entitled to payment of temporary total disability compensation benefits
>
> Therefore, the Injured Worker's request is denied.
>
> The District Hearing Officer bases this order on the Injured Worker's testimony at hearing.

{¶ 30} 12. Relator administratively appealed the DHO's order of June 19, 2015.

{¶ 31} 13. Relator's appeal was heard by an SHO on August 10, 2015. Relator appeared with her counsel. Fairfield City Schools was also represented at the hearing. The hearing was not recorded.

{¶ 32} 14. Following the August 10, 2015 hearing, the SHO issued an order mailed August 12, 2015 that affirms the DHO's order of June 19, 2015 and denies TTD compensation. The SHO's order of August 10, 2015 explains:

> The Injured Worker requests payment of temporary total disability compensation commencing 03/05/2015 through the date of today's hearing, 08/10/2015 and continuing.

The Hearing Officer finds that the Injured Worker has failed to meet her buren [sic] of proof of demonstrating that she is entitled to payment of temporary total disability compensation for the period of 03/05/2015 through 08/10/2015. Specifically, the Hearing Officer finds that the Injured Worker has voluntarily abandoned the workforce and therefore is not entitled to the payment of temporary total disability compensation.

The Injured Worker testified that she retired from work with the named Employer in May of 2012. The Injured Worker testified that she has not worked or looked for work since that time. The Injured Worker testified that she was forced to retire by the Employer in May, 2012. Although the Injured Worker testified to this fact, there is no documentation in the file which would indicate that the Injured Worker took anything other than a regular retirement. The Injured Worker further testified that she does not intend to return to work with the named Employer.

The Hearing Officer finds that the Injured Worker is not currently in the workforce and was not in the workforce at the time immediately prior to her request for payment of temporary total compensation commencing 03/05/2015. The Hearing Officer further finds that the Injured Worker has not shown any intent to return to the workforce during that period of time.

"Temporary total disability compensation is intended to compensate an Injured Worker for the loss of earnings incurred while the industrial injury heals. State ex rel. Ashcraft v. Indus. Comm. (1987), 34 Ohio St.3d 42, 44, 517 NE 2d. 533. There can be no lost earnings, however or even a potential for lost earnings, if the Claimant is no longer part of the active workforce. As Ashcraft observed, a Claimant who leaves the labor market 'no longer incurs a loss of earnings because he is no longer in a position to return to work.' " State ex rel. Pierron v. Indus. Comm. (2008) 120 Ohio St.3d 40.

Therefore, based upon the facts noted above, the Hearing Officer finds that the Injured Worker has abandoned the entire workforce and is not entitled to payment of temporary total disability compensation benefits commencing 03/05/2015. Therefore, the Injured Worker's C-84 filed 03/23/2015 is denied.

The Hearing Officer's decision is based upon the Injured Worker's testimony at today's hearing, <u>State ex rel. Corman v. Allied Holdings, Inc.</u> (2012), 132 Ohio St.3d 202, <u>State ex rel. Pierron v. Indus. Comm.</u> (2008), 120 Ohio St.3d 40, <u>State ex rel. Hoffman v. Rexam Beverage Can Co.</u>, (2013) 137 Ohio St.3d 129 and <u>State ex rel. Eckerly v. Indus. Comm.</u> (2005), 105 Ohio St.3d 428.

{¶ 33} 15. On August 24, 2015, relator timely filed a notice of appeal (on commission form IC-12) to challenge the SHO's order of August 10, 2015. The administrative appeal, in effect, seeks a hearing before the three-member commission pursuant to R.C. 4123.511(E).

{¶ 34} 16. With her notice of appeal, relator endeavored to submit three documents that have not been previously submitted. Those documents are: (1) a July 17, 2013 letter to relator from the assistant superintendent for business of Fairfield City Schools, (2) an SERS "Service Retirement Application" completed by relator on July 22, 2013, and (3) a July 20, 2015 letter to relator from SERS that certifies that relator retired effective June 1, 2013 on a service retirement.

{¶ 35} 17. The July 17, 2013 letter to relator from the assistant superintendent states:

On April 17, 2013 Dr. Seth H. Vogelstein provided medical information regarding your Workers [sic] Compensation claim #11-859087 which states "I have reviewed Ms. Smith's medical records and examined her. I have also reviewed a written description of her job as a cook. It is my medical opinion that as a result of her November 14, 2011 injury, she cannot return to her former position of employment". On May 16, 2013 your physician, Dr. Glenn A. McClung, indicated that you have reached "maximum medical improvement". You have been on an unpaid Workers [sic] Compensation leave of absence from your position as Cook at the Middle School effective January 3, 2012 through June 30, 2013.

The current negotiated Agreement between the Board of Education of the Fairfield City School District and the Ohio Association of Public School Employees Locals #205, #278 and #568, Article 31; Unpaid Leaves of Absence, B1 states "Upon written request and written verification by the employee's physician, the Board of Education shall grant an unpaid medical leave of absence where illness or other

disability is the reason for the request, for a period of not more than a total of two (2) years for the same illness or disability." Per the negotiated agreement the two-year (2) limit for your current leave of absence will expire January 3, 2014. Should you not be able to return to work by January 4, 2014, <u>you must retire, otherwise resign or the District will need to terminate your employment</u>.

As this is now an unpaid personal medical leave of absence, effective August 1, 2013 you will be responsible for the full payment of the costs of any benefits you currently receive from Fairfield City Schools. Please contact Sharon Revel to discuss the cost of these benefits. If you choose not to pay for the benefits, they will terminate effective August 1, 2013.

{¶ 36} 18. On September 2, 2015, an SHO mailed an order refusing relator's appeal from the SHO's order of August 10, 2015. The SHO's order of September 2, 2015 explains:

Pursuant to the authority of the Industrial Commission under R.C. 4123.511(E), it is ordered that the Injured Worker's appeal, filed 08/24/2015, from the Staff Hearing Officer order, issued 08/12/2015, be refused and that copies of this order be mailed to all interested parties.

This appeal was reviewed by two (2) Staff Hearing Officers on behalf of the Commission. Both Staff Hearing Officers concur with this decision.

{¶ 37} 18. On September 30, 2015, relator, Bonnie L. Smith, filed this mandamus action.

Conclusions of Law:

{¶ 38} It is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.

{¶ 39} In her brief filed in this action on December 7, 2015, under "Statement of Issues," (*see* Loc.R. 13(J)), relator sets forth two issues:

I. When the Industrial Commission file receives documents acknowledged by the time-stamp "Industrial Commission Cincinnati Office" with an IC-12 Appeal, the Staff Hearing Officer must hold a hearing pursuant to ORC 4121.35(D) that allows the parties to submit other evidence in support of the issue on appeal or evidence to the contrary.

II. Under the circumstances set forth in Issue I, a Staff Hearing Officer may not refuse a hearing without stating the evidence relied upon, the law, or a valid reason for the refusal to hold a hearing.

(Relator's Brief, 1.)

### Relator's First Issue

{¶ 40} R.C. 4121.35 provides:

(A) Staff hearing officers shall consider and decide all matters specified in division (B) of this section. * * *

(B) Except as provided in division (D) of this section, staff hearing officers have original jurisdiction to hear and decide the following matters:

* * *

(2) Appeals from an order of a district hearing officer issued under division (C) of section 4123.511 of the Revised Code;

* * *

(C) The decision of a staff hearing officer under division (D) of section 4123.511 of the Revised Code is the decision of the commission for the purposes of section 4123.512 of the Revised Code unless the commission hears an appeal under division (E) of section 4123.511 of the Revised Code.

(D) Staff hearing officers shall hold hearings on all matters referred to them for hearing.

{¶ 41} Here, relator seizes upon R.C. 4121.35(D) 's command that "[s]taff hearing officers shall hold hearings on all matters referred to them for hearing." Relator concludes:

Thus, the Court should issue a writ of mandamus ordering the Industrial Commission to vacate its Staff Hearing Decision that refused Relator's Appeal and order the Staff Hearing Officer to hold the hearing required by ORC 4121.35(D).

(Relator's Brief, 10.)

{¶ 42} Interestingly, under the first issue, relator is not requesting a hearing before the three-member commission on the appeal. Rather, relator is requesting that a writ order an SHO to hear the matter allegedly referred.

{¶ 43} Relator's argument regarding R.C. 4121.35(D) is seriously flawed. Respondent Fairfield City Schools succinctly answers relator's argument when it states in its brief "Smith's appeal to the SHO Order was not referred to an SHO for hearing." (Respondent Fairfield City Schools Brief, 11.)

{¶ 44} Rather, the SHO who mailed the order on September 2, 2015 refusing the appeal was referred the matter under R.C. 4123.511(E) to determine, on behalf of the commission, whether the commission will hear the appeal. Having determined that the commission will not hear the appeal, the designated SHO appropriately notified the parties under R.C. 4123.511(E).

### Relator's Second Issue

{¶ 45} R.C. 4123.511(E) provides:

> Upon the filing of a timely appeal of the order of the staff hearing officer issued under division (D) of this section, the commission or a designated staff hearing officer, on behalf of the commission, shall determine whether the commission will hear the appeal. * * * If the commission or the designated staff hearing officer determines not to hear the appeal * * * the commission or the designated staff hearing officer shall issue an order to that effect and notify the parties and their respective representatives in writing of that order.

{¶ 46} Citing *State ex rel. Mitchell v. Robbins & Myers, Inc.*, 6 Ohio St.3d 481 (1983) and *State ex rel. Noll v. Indus. Comm.*, 57 Ohio St.3d 203 (1991), relator asserts that the SHO's order mailed September 2, 2015 that refused relator's administrative appeal to the three-member commission is an abuse of discretion because allegedly the order fails to comply with *Mitchell* and/or *Noll*. The magistrate disagrees.

{¶ 47} In *Mitchell,* the court stated:

> This appeal highlights a problem which is becoming increasingly prevalent; that is, the commission's failure to state with any precision the basis for its decisions. * * *
>
> For the reasons that follow, we will, when necessary, henceforth grant a writ of mandamus directing the

> commission to specify the basis of its decision. * * * In other words, district hearing officers, as well as regional boards of review and the Industrial Commission, must specifically state which evidence and only that evidence which has been relied upon to reach their conclusion, and a brief explanation stating why the claimant is or is not entitled to the benefits requested. Moreover, this court will no longer search the commission's file for "some evidence" to support an order of the commission not otherwise specified as a basis for its decision.

*Id.* at 483-84.

{¶ 48} The syllabus of *Noll,* states:

> In any order of the Industrial Commission granting or denying benefits to a claimant, the commission must specifically state what evidence has been relied upon, and briefly explain the reasoning for its decision.

{¶ 49} Relator's argument has previously been addressed by this court in *State ex rel. Extendicare Health Servs., Inc. v. Indus. Comm.,* 10th Dist. No. 03AP-1201, 2004-Ohio-5255.

{¶ 50} In the *Extendicare* case, the claimant, Mahogney Harrison, sustained an industrial injury. On February 27, 2003, Harrison's attending physician, Rajiu Yakhmi, M.D., completed a C-84 certifying TTD compensation beginning February 26, 2003.

{¶ 51} Following a hearing, a DHO awarded TTD compensation beginning February 26, 2003 based upon Dr. Yakhmi's C-84. The employer ("Extendicare") administratively appealed to an SHO.

{¶ 52} Following a July 14, 2003 hearing, an SHO issued an order affirming the DHO's order.

{¶ 53} Extendicare then filed a notice of appeal from the SHO's order of July 14, 2003. On August 27, 2003, another SHO mailed an order refusing the appeal.

{¶ 54} Extendicare moved for reconsideration of the SHO's refusal order of August 27, 2003.

{¶ 55} On October 4, 2003, the commission mailed an order denying Extendicare's request for reconsideration. Thereafter, Extendicare filed a mandamus action in this court.

{¶ 56} Following a magistrate's decision recommending that this court deny Extendicare's request for a writ, Extendicare filed objections to the magistrate's decision. In overruling Extendicare's objections, this court explained:

> In its second objection, relator argues that the magistrate erred in failing to address relator's argument that the commission abused its discretion in refusing further appeal and refusing relator's request for reconsideration, without offering any explanation of the reasons underlying those decisions. Relator argues that the cases of *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 483, 6 Ohio B. 531, 453 N.E.2d 721, and *State ex rel. Noll v. Indus. Comm.* (1991), 57 Ohio St.3d 203, 206, 567 N.E.2d 245 require that the commission provide explanations of its reasoning in such decisions.
>
> In *Noll,* in which the Supreme Court of Ohio relied on its prior holding in Mitchell, the court held, "in any order of the Industrial Commission granting or denying benefits to a claimant, the commission must specifically state what evidence has been relied upon, and briefly explain the reasoning for its decision." *Id.* at syllabus. (Emphasis added.) We do not interpret the clear language employed by the court in Noll to require an explanation of the commission's reasoning when the commission refuses to hear a further appeal from a decision of a Staff Hearing Officer granting benefits to a claimant. A refusal of further appeal is not an "order" and does not grant or deny benefits to a claimant.

*Id.* at ¶ 4-5.

{¶ 57} Accordingly, based upon the *Extendicare* case, the magistrate concludes that the SHO's order mailed September 2, 2015 that refuses relator's administrative appeal to the three-member commission is not an abuse of discretion nor does it present a violation of *Mitchell* or *Noll.*

{¶ 58} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus.

/S/ MAGISTRATE
KENNETH W. MACKE

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).